# Rohrer, Appellant, *v.* Trafford Real Estate Company.

*Real estate — Deeds — Building restrictions — "Single dwelling house" on each lot—Erection of duplex building or apartment house —Bill in equity—Dismissal.*

1. Covenants restraining a man in the free enjoyment of his property are not to be extended by implication.

2. The building of a duplex building or apartment house is not a violation of a restriction limiting the owner to one dwelling house upon a lot, the test being whether the building is a single structure intended for dwelling purposes and not whether it was intended to house more than one family.

3. Where the conveyance of a lot of ground from defendant to plaintiff contained a building restriction that but "a single dwelling house" should be erected on the lot, and also a covenant that like restrictions should be imposed in any other conveyance of property made by the defendant in the district mentioned, and thereafter conveyances of other lots were made by defendant with the provision that the restriction should not be construed to prohibit the erection of a duplex dwelling or apartment house, plaintiff's bill in equity for the enforcement of the building restriction, on the ground that a duplex dwelling or apartment house was not "a single dwelling house" within the meaning of the covenant of his deed, was properly dismissed.

Argued Oct. 18, 1917. Appeal, No. 183, Oct. T., 1917, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1916, No. 836, in equity, refusing relief on bill in equity to enforce building restrictions in case of Frederick F. Rohrer v. Trafford Real Estate Company, a Corporation. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity to secure enforcement of building restrictions. Before EVANS, J.

The facts appear by the opinion of the Supreme Court. The lower court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was in dismissing the bill.

*U. G. Vogan,* for appellant.—The words "single dwelling house" as applied to a building restriction do not include an apartment house: Harris v. Roarback, 100 N. W. 391; Bagnall v. Young, 114 N. W. 674; Schadt v. Brill, 173 Mich. 647; Powers v. Radding, 113 N. E. 782; Brigham v. H. J. Mulock Co., 74 N. J. E. 287; Gillis v. Bailey, 21 N. H. 149; Hutchinson v. Ulrich, 145 Ill. 336.

*John G. Buchanan,* with him *Gordon & Smith,* for appellees.—An apartment house or duplex dwelling is "a single dwelling house" within the meaning of a building restriction: St Andrew's Lutheran Church's App., 67 Pa. 512; Johnson v. Jones, 244 Pa. 386; Hamnett v. Born, 247 Pa. 418; McMurtry v. Phillips Investment Co., 103 Ky. 308; Sonn v. Heilberg, 38 N. Y. App. Div. 515; Kimber v. Adams, 1 Ch. 1900, 412.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

The plaintiff purchased from the defendant a lot of ground, and, in the conveyance to him, a building restriction was inserted, which provided that but "a single dwelling house" should be erected on the lot. There was also a covenant in the deed that like restrictions should be imposed in any other conveyance of property made by defendant within the district mentioned. Conveyances of such lots were made by defendant, however, with a provision that the restriction should not be construed to prohibit the erection of a duplex dwelling or apartment house upon the lots conveyed. Claiming that a duplex dwelling, or an apartment house, was not "a single dwelling house," and that the covenant in his deed had, therefore, been violated, plaintiff filed this bill to secure the enforcement of the building restriction in accordance with his contention. The court below dismissed the bill, holding that the question is ruled by the

decision of this court in Johnson v. Jones, 244 Pa. 386, in which it was held that an apartment house was properly to be classified as a dwelling house, and by the decision in Hamnett v. Born, 247 Pa. 418, where it was held that a "duplex house" could fairly be regarded as "one dwelling house." We can see no distinction in principle between the question determined in those cases, and that which is here involved. The building here proposed is precisely like that to which objection was made in Hamnett v. Born, supra, where it was held that the building of a duplex dwelling house was not a violation of a restriction limiting the owner to "one dwelling house" upon the lot. The fact that the building was intended to house more than one family was not regarded as controlling in the determination of the question, for as the court there said: "The covenant is directed against the building alone, and not its subsequent use, and when a building is lawfully erected on either of the lots, so far as the building is concerned, the covenant is at an end. The fact that the building proposed is a single structure intended for dwelling purposes brings it within what is permitted under the restriction; the fact that it is intended to accommodate a number of families, does not bring it within what is forbidden."

We agree with the court below that the stipulation was for a single house or structure, and not for a house for a single family; and that, if the latter had been intended, it would have been easy to say so. "Covenants of this nature, which restrain a man in the free enjoyment of his property are not to be extended by implication": St. Andrew's Lutheran Church's App., 67 Pa. 512.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.