Mariner *v.* Rohanna, Appellant.

616

Argued September 30, 1952. Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*R. W. Maxwell*, with him *J. B. F. Rinehart*, for appellant.

*Glenn R. Toothman, Jr.*, for appellees.

OPINION BY MR. JUSTICE MUSMANNO, November 18, 1952:

On February 14, 1945, Andrew K. Rohanna purchased from George T. Shriver, one of the plaintiffs in this case, a certain tract of land in Franklin Township, Greene County, Pennsylvania, subject to the following condition or restriction in the Deed: "The grantee, by the acceptance of this deed, doth moreover, for himself, his heirs and assigns, covenant and agree to and with the said parties of the first part that he

will not, at any time hereafter, set up, establish, conduct or carry on upon the premises hereby granted, or any part thereof, any noxious or offensive trade, business or employment, such as the use of same as a place for the storing or handling of second hand automobiles, waste paper or other junk, to the hurt, damage or annoyance of other adjoining property owners, who, by these presents, may have the right to enjoin or restrain the same."

The defendant apparently treated these restraining words as empty syllables and the restriction itself as a fence of empty air because he converted the property into a clamorous and unsightly junk yard. He brought on to the premises some one hundred abandoned automobiles in varying degrees of decrepitude, many reduced to metallic skeletons; he encumbered the land with loose pipe, angle irons, pit posts and other castoff odds and ends.

The grantor George T. Shriver with five other adjoining property owners filed a bill in equity to enjoin Rohanna from a continuing use of the land as a junk yard and nuisance. Rohanna's defense is that if his present use of the premises is in violation of the deed restriction, the violation did not develop spontaneously. But a creeping offense is no less blameworthy than one which arrives precipitately and with full weighted defiance.

Rohanna states further that Shriver was aware of his activities and is therefore estopped from now complaining. But the restriction in the deed is as clear and as armor-plated with prohibition as the English language can make it, and even if Shriver was aware of Rohanna's dereliction, as Rohanna contends and Shriver denies, this would not estop the other property owners from pressing their own specified rights under the deed. Section 541 of Restatement, Property, reads:

"The persons initially entitled to enforce the obligation of a promise respecting the use of land are the promisee and such third persons as are also beneficiaries of the promise."

The five co-plaintiffs with Shriver, as beneficiaries of the promise made by Rohanna when he purchased the property, were as much a part of the contract as if they had been described by name and address in the deed. They were "adjoining property owners," and Rohanna was as thoroughly aware that he owed them the duty of compliance with the restriction as much as he owed it to Shriver.

The defendant contends that the grantor had no right to attach a restriction to the deed unless it was for the benefit of a plan of lots laid out by the owner of a dominant tenement and that since the co-plaintiffs are not owners of lots in such a plan, they have no right to seek enforcement of the restriction in question. But a property owner, regardless of whether he is conveying an entire tract not a part of a plan of lots, or whether he is conveying one or several lots of a plan of lots, has the right to dispose of his property with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate: *Cowell v. Springs Co.,* 100 U.S. 55; *Fanning's License,* 23 Pa. Superior Ct. 622, at 627. The benefit of the restriction need not run to the grantor-promisee alone or to the owners of other lots in a plan of lots deeded by him. As in the case of other covenants, third parties may be made the beneficiaries of a restriction and may enjoin its breach so long as it is clearly shown that the covenant was for their benefit: Restatement, Property, chapter 46 (Introductory Note), page 3244.

The defendant also argues that the use to which he is putting the property does not in law constitute a

nuisance and therefore is not enjoinable. But, as pointed out in *Phillips v. Donaldson*, 269 Pa. 244, 112 A. 236: "It is not so much the question of nuisance as that of 'hurt, damage or annoyance.' The acts complained of need not correspond with those necessary for a nuisance."

Thus, if the plaintiffs were required to establish a technical nuisance, the restriction in the deed would prove to be entirely superfluous. Many restrictions in deeds do not rise or drop to the level of nuisances, but are enforceable in courts because they are the subject of contractual obligations.

In granting the injunction prayed for, the lower court found that the defendant was using the premises in an obnoxious and offensive trade, in that he stored and handled second hand automobiles, waste paper and junk on the land, and we are satisfied that the evidence amply warrants and justifies that finding.

The defendant complains that he has undergone considerable expense in connection with the business he operates: he has constructed a concrete bridge to provide access to the property, he improved a road, he built a house and outbuildings, resulting in all in an expenditure of $10,000. But the plaintiffs' complaint does not ask for the removal or dismantling of these improvements. The complaint is aimed at removing from the property all the second hand automobiles and trucks, angle irons, pipes and other objects coming within the description of junk.

Even if it be assumed that Shriver indicated a willingness to allow the defendant some latitude in the use of the property, it is scarcely reasonable to suppose that he would authorize such a use as would completely destroy the protection he insisted upon in the deed. The defendant testified that Shriver made his relaxing statement shortly after the conveyance in

1945. Yet, in 1951, the defendant's son offered Shriver $500 for a new deed omitting the restriction in question, which offer was refused. This would definitely establish that the defendant knew that the covenant was in full force and effect and would be enforced.

As a final string to the bow of his defense, Rohanna argues that the plaintiffs are barred from recovery because of laches. But the defense of laches is not available unless it appears that because of delay in enforcing a right, some change has occurred to the prejudice of the defendant, which makes inequitable the enforcement of the plaintiff's claim. The permanent improvements made by the defendant were, as already indicated, in no way associated with his business of storing, dismantling and demolishing second hand automobiles; these improvements would retain their full utilitarian value even after the defendant ceased the junk and demolition business. Thus the defendant has not been legally prejudiced by the plaintiffs' delay, if any, in demanding a compliance with the provisions of the restrictions.

On the other hand, to deny the plaintiffs relief because of failure to make timely objection to the storage of several second-hand trucks, some angle irons, pipe and pit posts, would work an inequity to the plaintiffs. Until May, 1951, the defendant's breach of the covenant was not of disabling magnitude, but when, on May 14, or 15, of that year he expanded his prohibited business and inundated the premises with some one hundred delapidated castoff automobiles the breach of the covenant became a serious one. The plaintiffs then, with out delay, that is on June 2, 1951, filed their Bill in Equity to enjoin the defendant from further violation of the restriction in the deed. Under those circumstances the plaintiffs could hardly in equity be deemed guilty of laches.

Decree affirmed with costs on appellant.