## Sandyford Park Civic Association *v.* Lunnemann, Appellant.

538

Argued May 1, 1959. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Earl Jay Gratz,* for appellants.

*Charles S. Schermer,* with him *Ellis C. Schatz,* for appellees.

OPINION BY MR. JUSTICE BELL, July 16, 1959:

This is an appeal from the final Decree of the Court of Common Pleas No. 1 of Philadelphia County enjoining defendants from constructing a garage upon their own property. The facts are essentially undisputed and may be briefly stated.

Defendants, John and Inez Lunnemann, own as tenants by the entireties, a twin or semi-detached dwelling house at 7430 Revere Street in Philadelphia. Defendant's home is part of a perimeter of similar houses bounded on the south by Revere Street, on the west by Guilford Street, on the north by Roosevelt Boulevard, and on the east by Sandyford Avenue. The interior of this perimeter is an open plot of ground

bounded on all sides by the driveways in the rear of the various homes. The owners of the homes on Roosevelt Boulevard and Guilford Street own that portion of the interior plot which lies in the rear of their home. At the present time the interior plot is principally lawn and shrubs although some owners have blacktopped their part of the ground, and one has put up a shed which is used as a playhouse for children.

All of the homes within this perimeter have a garage in the rear of the basement as an *integral* part of the dwelling house. Defendants desire to erect a garage on their land, namely, their part of the interior plot, separate and apart from their dwelling house. While the rights of an owner of property have in the last decade been restricted by zoning and in other ways limited, an owner of land is still entitled to important rights which are a fundamental part of his liberty. The right of private property—"the inherent and indefeasible right . . . of acquiring, possessing and protecting property"—which necessarily includes not only the ownership but also the right of use of private property, is ordained and guaranteed by the Constitution of the United States and the Constitution of Pennsylvania.* A man has a right to use his own home or property in any way he desires provided he does not (1) violate any provision of the Federal or State Constitutions; or (2) violate any covenant, restriction or easement in his deed; or (3) create a nuisance; or (4) violate any laws or zoning or police regulations which are both Constitutional and valid: *Lened Homes, Inc. v. Department of Licenses,* 386 Pa. 50, 123 A. 2d 406; *Lord Appeal,* 368 Pa. 121, 81 A. 2d 533.

Plaintiffs seek an injunction because the defendants propose to erect a two car garage on their own property

---

* Article I, Section 1, Constitution of Pennsylvania; also Fifth Amendment to the Constitution of the United States.

but not physically connected with their house, allegedly in violation of the following restrictive covenant in their deed:

"Under and subject, nevertheless, to the express restrictions and conditions that only a detached or twin dwelling house and private garage *in connection with same** shall be erected upon the above-described premises . . . ."

We agree with defendants that the words "in connection with same"—certainly when strictly construed —do not mean that the garage must be physically connected to the house; hence the terms of the restriction, considered alone, presents no bar to defendants' proposed garage.

In *Brown v. Levin*, 295 Pa. 530, 145 A. 593, the Court, in construing a building restriction, said (page 534): "Restrictions . . . must be strictly construed (see De Sano v. Earle, 273 Pa. 265, Johnson v. Jones, 244 Pa. 387, Klaer v. Ridgway, 86 Pa. 529), and every doubt resolved against the restriction."

Even more recently this Court said in *Baederwood, Inc. v. Moyer*, 370 Pa. 35, 87 A. 2d 246 (page 41):

"Building restrictions and similar covenants which restrain a man in the free enjoyment of his property are not favored in the law; they are strictly construed and are not to be extended by implication unless the parties clearly so understand and intend: St. Andrew's Lutheran Church's Appeal, 67 Pa. 512; Rohrer v. Trafford Real Estate Co., 259 Pa. 297, 102 A. 1050; Johnson v. Jones, 244 Pa. 386, 90 A. 649; McCloskey v. Kirk, 243 Pa. 319, 90 A. 73."

Plaintiffs, in order to secure an injunction, must prove (1) that the restriction was imposed by them or was clearly imposed for their benefit *and* (2)(a) by

---

* Italics throughout, ours.

its terms clearly required a garage to be attached to and physically connected with defendant's dwelling house, or (b)(1) that the homes in the neighborhood which had physically connected garages were part of a general map or plan of improvement established by filing or publication for that entire neighborhood by a common grantor, and (b)(2) that the contemporary construction of this restriction clearly showed that the grantor and the purchasers of all the lots in the planned neighborhood intended the garage to be physically connected with the house. Cf. *Baederwood, Inc. v. Moyer,* 370 Pa., supra; *Price v. Anderson,* 358 Pa. 209, 56 A. 2d 215; *Mariner v. Rohanna,* 371 Pa. 615, 92 A. 2d 219.

In this case the Chancellor found: "The same restrictive covenant exists with respect to the homes fronting on the odd-numbered side of the 7400 block on Roosevelt Boulevard and those fronting on the even-numbered side of the 7400 block on Revere Street* . . . and is a part of the general scheme of improvement retained by the grantor." The record in this case indicates that the deed of the defendants and of one of the plaintiffs are the only deeds containing this restriction. Moreover, the fact that homes, or homes and garages are built alike in a certain neighborhood is not sufficient to impose a restriction on all homes, or on a home and garage, or on a use of the land in that neighborhood, and such evidence is insufficient to prove a contemporary construction of an alleged restriction by all the grantees of a common grantor. Cf. *Baederwood, Inc. v. Moyer,* 370 Pa., supra; *Price v. Anderson,* 358 Pa., supra.

---

* We note parenthetically that four of the thirteen properties abutting the even numbered side of the 7400 block of Revere Street have installed blacktop areas which are used, inter alia, for the parking of automobiles.

542

However, if this restriction was part of a common plan for the benefit of all the landowners within the area covered by the map or plan, as the Chancellor believed, evidence that homes with physically connected garages were built on the land covered by the plan would be sufficient to show a contemporaneous construction of this restriction by the grantees, and would justify a Court in granting an injunction to restrain the erection of a non-connected garage.

Because the record in this case is not clear, and there is doubt whether adequate evidence exists to support the Chancellor's aforesaid finding of fact, we shall remand the case to the lower Court with directions to take further evidence and to make findings and enter a Decree consistent with the evidence and with this Opinion.

Decree reversed; case remanded to the lower Court; costs to abide the event.