Witt, Appellant, *v.* Steinwehr Development Corporation.

Argued April 25, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*John A. MacPhail,* with him *Richard A. Brown,* and *Brown, Swope & MacPhail,* for appellant.

*Edward B. Bulleit,* with him *Daniel E. Teeter,* and *Bulleit & Bulleit,* for appellees.

610

OPINION BY MR. JUSTICE EAGEN, June 29, 1960:

This is an action in equity to restrain the erection of a motor lodge or motel on land owned by the corporate defendant in the borough of Gettysburg, Adams County. After hearing, the chancellor entered an adjudication dismissing the complaint. Exceptions to the decree were likewise dismissed and a final judgment entered for the defendants. Plaintiffs appealed.

The facts, of record, are correctly summarized in the opinion of the lower court as follows: "The land in question is part of a larger tract of land originally owned by William H. Johns and conveyed by his estate to Colt Park Development Company on May 21, 1952. Colt Park Development Company is a partnership and the partners are the principal officers and members of the board of the defendant corporation. The specific lot in question is an irregularly shaped tract lying east of Johns Avenue and west of Steinwehr Avenue extending southwardly from Queen Street. Three portions of this irregularly shaped tract, one 10 feet in width, one 40 feet in width, and one 50 feet in width extend to Steinwehr Avenue. The original Johns tract was a farm of approximately 60 acres and included in addition to the lot in question, the land from Queen Street, southwardly to the United States Government land between Johns Avenue on the east and Long Lane and government land on the west, and a small tract north of Queen Street between Fairview Avenue and Long Lane. Much, if not all, of this land had been occupied by Camp Colt during World War I. Mr. Johns originated the idea of developing this area into streets and building lots, and in 1948, he had a draft of survey prepared by Leroy H. Winebrenner which contained a proposed layout of streets but did not show any proposed layout of lots. As lots were sold they were projected on this draft which was designated: 'Prop-

erty of William H. Johns situated in Gettysburg Borough and Cumberland Township, Adams County, Pennsylvania' (PX 1).

"After the land was purchased by Colt Park Development Company in 1952, the company executed a total of 64 deeds for lots in the development up to January 26, 1959. Forty-six of these deeds referred to a draft of survey made by Leroy H. Winebrenner, dated 1948, and entitled 'Property and Proposed Street and Lot Plan of William H. Johns,' and stating that the descriptions were taken principally therefrom. The deeds to all of the lots sold by the company west of Johns Avenue contained building restrictions limiting the use of the lots to single family dwellings and otherwise restricting their use, with the exception of the deeds to the three lots conveyed to the members of the partnership and to four lots conveyed to the Borough of Gettysburg for street purposes. A total of 55 deeds contained such restrictions. Nine deeds including five to the Borough of Gettysburg for street purposes, one for a lot 10 ft. x 170 ft. fronting 10 ft. on Steinwehr Avenue, one for another lot fronting on Steinwehr Avenue, and two for lots east of Johns Avenue contained no such restrictions. None of the deeds to the lots sold in the irregularly shaped tract east of Johns Avenue contained any such restriction.

"The plaintiffs are owners of two lots purchased from Cold Park Development Company, one situated on Highland Avenue, more than one block west of Johns Avenue, purchased on June 18, 1955, and one situated on Fairview Avenue, two blocks west of Johns Avenue, purchased on December 20, 1957. Their deeds contain restrictions as above noted. The plaintiffs seek to restrain the defendant corporation from constructing a motel on the irregularly shaped lot east of Johns Avenue and extending to Steinwehr Avenue, contending

that there was an implied covenant that all the land owned by Colt Park Development Company would be bound by restrictions similar to those contained in their deeds."

An examination of the record discloses no merit in this appeal. The legal principles germane to this issue are established beyond controversy. Restrictive building covenants are not favored in the law. They are strictly construed and every doubt is resolved against the existence of the restriction: *Brown (et al., Aplnts.) v. Levin et al.*, 295 Pa. 530, 145 Atl. 593 (1929) ; *Sandyford Pk. C. Assn. v. Lunnemann*, 396 Pa. 537, 152 A. 2d 898 (1959). Restrictions may arise: (1) by way of an express covenant; (2) by implication; (3) from language of the deeds; (4) from the conduct of the parties indicating their existence: *Baederwood, Inc. v. Moyer*, 370 Pa. 35, 87 A. 2d 246 (1952). They are not to be extended by implication unless the parties clearly understand and intend: *Rohrer v. Trafford Real Estate Co.*, 259 Pa. 297, 102 Atl. 1050 (1918) ; *Baederwood, Inc. v. Moyer*, supra. The burden of proof, needless to say, is upon the parties claiming their existence.

Admittedly, no such express covenant, restrictive of the uses sought to be made of the land herein, exists. Nor is there any language in the deeds from the common grantor which may be construed to give rise to such a restriction by implication. Appellants' contention is strictly this—that the conduct of the parties, specifically the common grantor, the Colt Park Development Corporation, indicated beyond question the existence of the restriction appellants assert. The lower court found against this contention and the evidence points up the correctness of this conclusion.

The fact that the deeds of conveyance to the plaintiffs contained such building restrictions, as did simi-

lar deeds executed and delivered to other purchasers of lots of land in the same tract does not in itself create the inference that the grantor likewise intended to restrict the remainder of the property not yet conveyed: *Price et al. v. Anderson et al.*. 358 Pa. 209, 56 A. 2d 215 (1948). The evidence clearly indicates that the portion of the tract upon which plaintiffs' lots of land are situated is best suited for residential purposes and has been so developed. But, on the other hand, the land involved in this litigation is separate and apart from this area and is located in a commercial district. The restrictions in the deed to the plaintiffs, and other deeds containing such, refer only to the particular properties described in those deeds. The language employed in these instruments does not suggest in any degree that other properties were to be similarly burdened. Not a single property sold in the immediate area of that involved was so restricted, a fact which is in direct contrast to the lots sold in the area recognized as strictly residential. Nor was any plan or map, indicating a general scheme of restrictive development covering the entire plot, ever filed of record or exhibited to these plaintiffs as an inducement to purchase.

We have carefully read and analyzed the testimony which appellants argue supports their position. We are not convinced that it proves an intention on the part of the development company involved to restrict these particular parcels of land concerned to residential purposes. Nor are we convinced that the appellants were misled to this end.

Decree affirmed, each side to pay its own costs.