386 P.2d 599

**G. M. JINKINS, Ima Hays and Annabel Winningham, Plaintiffs-Appellants,**

v.

**The CITY OF JAL, New Mexico, Defendant-Appellee.**

**No. 7268.**

Supreme Court of New Mexico.

Nov. 4, 1963.

Heidel & Swarthout, Lovington, for appellants.

Schubert & Love, Hobbs, for appellee.

CARMODY, Justice.

This is an appeal from the action of the trial court, refusing to enjoin the city of Jal from violating a restriction in a deed and refusing to enjoin the continued operation of a disposal plant in violation of the restriction.

The appeal raises two questions, (1) whether one who violates a restrictive covenant as to the use of land may be enjoined without proof of damages, in a case where the court finds that the violation was not a nuisance, and (2) whether an action to enforce a restrictive covenant is barred by any statute of limitations, or only because of the passage of the prescriptive period.

The parties will be referred to as they appeared in the court below.

The plaintiffs sold some thirty-six acres of land to the defendant in October of 1950. The deed of conveyance contained a restriction, to run with the land, to the effect that the city would not erect any sewage disposal plant on the tract closer than certain specified distances from the north and west lines of the property. Following trial the court made the following findings of fact, none of which are attacked.

"1. Defendant violated the restrictive covenants contained in the deed from plaintiffs to the defendant only by erecting a part of its sewer plant

closer than 660 feet from the north line of the land conveyed.

"2. The sewer system installed by defendant possessed all features known to sanitary engineers for minimizing odors at the time of its installation. The sewer installation is properly maintained and operated.

"3. The odors emanating from such sewer system are no more offensive than could reasonably be contemplated for systems of similar capacity and design.

"4. If the defendant's sewer system had been installed within the confines of the area set forth in the deed, the odor from such system would have permeated the area over plaintiff's land in the same density and with the same frequency as presently occurs when the wind current and atmospheric humidity combine properly to result in the presence of odors over the plaintiffs' adjoining lands.

"5. Plaintiffs have not lost any opportunity to rent or sell any of their lands because of the location of the defendant's sewage system.

"6. Plaintiffs had knowledge of the location of defendant's sewage installation continuously since May, 1951."

Based on these findings, the court adopted two conclusions of law:

"1. Defendant's violation of the restrictive covenant contained in the deed from plaintiffs to the defendant is not a nuisance and it has not damaged the plaintiffs, and the plaintiffs are not entitled to injunctive relief or damages.

"2. Plaintiffs are barred by limitation of action statutes from maintaining this action."

The plaintiffs urge that the facts as found by the trial court require a reversal and the granting of injunctive relief, even though they be denied any recovery for damages. The plaintiffs' complaint, filed in October of 1960, was in two causes of action, the first of which was directed to the violation of the restrictive covenant, i. e., the location of the sewage disposal plant; and the second related to the claimed nuisance in the operation of the plant, without regard to its location.

It is obvious that the court's findings completely dispose of the second cause of action, and no error is urged in respect thereto, but the plaintiffs assert that the question of nuisance, or lack thereof, has no relation to the issues involved in the first cause of action.

We will dispose of the contentions made by the plaintiffs in the order presented.

The first, as stated above, is whether the injunction should have issued by reason of the violation of the restrictive covenant,

even though the violation was not a nuisance and did not damage the plaintiffs.

Our decision in Gonzales v. Reynolds, 1929, 34 N.M. 35, 275 P. 922, supports plaintiffs' position. There, suit was brought to enjoin the breach of a covenant contained in a lease not to engage in a certain business. The lessor breached the covenant and suit was brought. The lessee did not offer proof of any actual damages he might have suffered as a result of the breach. An injunction was granted and in affirming the decision of the trial court we said that proof of damages is immaterial when injunctive relief is sought to enjoin the breach of a restrictive covenant.

The rule advanced in the Gonzales case, supra, is supported by the weight of authority. Payette Lakes Protective Ass'n. v. Lake Reservoir Co., 1948, 68 Idaho 111, 189 P.2d 1009; Arlington Cemetery Corp. v. Hoffman, 1961, 216 Ga. 735, 119 S.E.2d 696; Matthews v. First Christian Church of St. Louis, 1946, 355 Mo. 627, 197 S.W. 2d 617; 4 Pom.Eq.Jur., 5th ed., § 1342. Compare H. J. Griffith Realty Co. v. Hobbs Houses, Inc., 1960, 68 N.M. 25, 357 P.2d 677.

Defendant's principal argument is to the effect that equity need not, in its discretion, grant injunctive relief if inequitable consequences would result. Even assuming this to be correct, which we do not decide, there was a total lack of evidence which would warrant such a holding. A fair summary of the testimony introduced in the trial court was the following: Plaintiffs presented testimony of the circumstances with respect to the sale of the property to the defendant, then attempted to show the loss of a proposed sale of some of the remaining property by reason of the odors. Evidence was then submitted showing that parts of the sewage disposal plant were located some 500 feet closer to the property line than allowed under the restriction. As a part of this proof, it developed that the plaintiffs apparently contended that the disposal plant was improperly constructed. Thereafter, defendant presented its case, which consisted of a showing of absence of damage but otherwise, almost in its entirety, of evidence that the disposal plant was properly designed, constructed and maintained.

Not one word of evidence was offered by the defendant, nor is there any such evidence in the entire record, as to what effect, if any, the granting of the injunction against the defendant would have. Although perhaps it can be theorized that some inequitable consequences might result because of the necessity in the expenditure of funds, should the disposal plant need to be closed or remodeled, still neither the trial court nor we can speculate as to these matters, which were without any proof.

■ The instant case concerns not an immaterial or minor infraction of the covenant, but a quite substantial one, and, as we said above, such a covenant may be enforced, even though no damage is shown. The fact that plaintiffs were unable to convince the court of any present substantial damage does not justify the refusal of an injunction to prevent the violation of the covenant, freely entered into by the parties. See 14 Am.Jur., Covenants, Conditions & Restrictions, § 339, and 43 C.J.S. Injunctions § 87 subd. b(4) (c), at p. 585.

This brings us to the second point relied upon for reversal, i. e., that a restrictive covenant is a negative easement or incorporeal hereditament, and that an action to enforce the same may be brought at any time before the passage of the prescriptive period applicable to easements and is not barred by the ordinary statute of limitations, being §§ 23-1-23 and 23-1-4, N.M.S.A.1953.

There is a great deal of diversity of opinion as to whether or not a restrictive covenant, such as here, is a negative easement. Some courts hold that a restrictive covenant is a contract and creates a right to sue for specific performance of a contract. Mariner v. Rohanna, 1952, 371 Pa. 615, 92 A.2d 219; Leasehold Estates, Inc. v. Fulbro Holding Co., 1957, 47 N.J.Super. 534, 136 A.2d 423; also see Justice Cardozo's summary of the conflict in Bristol

v. Woodward, 1929, 251 N.Y. 275, 167 N.E. 441, 445, 446. Other courts hold that a restrictive covenant creates an easement, negative in nature, and as such it is an incorporeal hereditament. McLaughlin v. Neiger (Mo.App.1956), 286 S.W.2d 380; Craven County v. First-Citizens Bank & Trust Co., 1953, 237 N.C. 502, 75 S.E.2d 620. Also see Bristol v. Woodward, supra. Our court seems to follow this latter view. Alamogordo Improvement Co. v. Prendergast, 1939, 43 N.M. 245, 91 P.2d 428, 122 A.L.R. 1277, was a case dealing with certain lots which were subject to a restrictive covenant forbidding the sale of liquor on the premises. One such lot was purchased by the defendant from the state after a sale for delinquent taxes. The plaintiff thereafter sought to enjoin a breach of the covenant. The injunction was granted and this court therein said that a restrictive covenant is a negative easement. It appears that the court, without question, considered a restrictive covenant as an easement.

The point, as to whether a suit to enforce such a negative easement must be brought within the ordinary statute of limitations or before the passage of the prescriptive period applicable to easements, is more difficult since when suing in equity for injunctive relief the defense usually urged is laches. However, although laches was pleaded, the trial court based its determination on the statute of limitations, §§ 23-1-23

or 23–1–4, N.M.S.A.1953, as was urged by appellee.

We have found only one court in this country which has been faced with a similar problem, wherein the statute of limitations and not laches was urged as a defense in a suit to enjoin the breach of a restrictive covenant. McLaughlin v. Neiger, supra. There, the plaintiffs sought an injunction against the defendant to prevent him from breaching a restrictive covenant, or negative easement, which restricted the use of land for single-family residences and prohibited use or occupation for any business purpose. The defendant did not plead the affirmative defense of laches, but instead pleaded a five-year statute of limitations which is the Missouri statute setting the limitation on actions brought on contracts, trespass to realty, for taking, detaining or injuring chattels, or in case of fraud. Section 516.120, RSMo 1949, V.A.M.S. The court there refused to apply the statute and instead applied § 516.010 RSMo 1949, V.A.M.S., which bars actions for recovery of lands, tenements and hereditaments unless instituted within ten years. The Missouri court held that an easement is a hereditament, incorporeal in nature, and that since the easement was descendible by inheritance it was a hereditament within § 516.010 RSMo 1949, V.A.M.S.

This court, in Hester v. Sawyers, 1937, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536, refused to hold that the prescriptive period as to easements came within our statute on adverse possession. We said that an incorporeal hereditament, or easement, is not a freehold estate and thus not "land tenements and hereditaments." However, we did say that the prescriptive period is a period identical to our period for adverse possession. Therefore, the New Mexico prescriptive period is ten years, as is the period for adverse possession. Section 23–1–22, N.M.S.A.1953. This being so, it follows that the period during which one must sue to enforce an easement is ten years.

Thus it follows that the trial court erred in applying the three- or the four year statutes of limitation, under the facts of this case. The suit was commenced within the required ten-year period, and was not barred by the statute of limitations.

In so holding, we are in no way deciding whether or not laches would have been a good defense in this suit. We merely hold that where the court's decision is based upon a statute of limitations as distinguished from laches, in a suit to enjoin a restrictive covenant or negative easement, that the applicable period of limitation is the period of prescription.

Appellee relies on Neff v. Hendricks, 1953, 57 N.M. 440, 259 P.2d 1025; and Chuba v. Glasgow, 1956, 61 N.M. 302, 299 P.2d 774. However, neither of these cases is of any aid to appellee, inasmuch as a change

**178**

in neighborhood conditions was claimed as justifying the removal of the restriction, and there is no such contention here.

The cause is reversed and remanded to the trial court with directions to set aside its judgment and to enter a new one in conformity with this opinion. It is so ordered.

CHAVEZ and MOISE, JJ., concur.