## Charles L. Carr Memorial Property Owners Association v. Kufen

*Ronald J. Mishkin,* for plaintiff.
*Edward J. McGlinchey,* for defendants.

MARSH, J., April 17, 1973.—This action is an action in equity brought by an association of property owners seeking to enjoin the use of a certain lot purchased from a common grantor. Plaintiff alleges that the restrictions in the deeds to the members of the association are binding on defendants, although the restrictions do not appear in the deed of defendants. Defendants raise two preliminary objections: (1) plaintiff has no standing to sue, and (2) the facts set forth in the complaint, including the exhibits of the complaint, fail to state the cause of action.

As we view the case, the matter can be disposed of by virtue of the finding as to the first preliminary objection. The only case cited by plaintiff in support of its position that the property owners are a proper party plaintiff is Mariner v. Rohanna, 371 Pa. 615 (1952). In the facts of that very case, the parties there

were the individual property owners and not any association. (While the case holds that both the promisee and the persons who were beneficiaries of the promise are entitled to enforce the promise, the same case goes on to explain that restrictions in deeds do not rise or drop to the level of nuisances, but are enforceable in courts because they are the subject of contractual obligations.) They failed to show any privity of contract between the Charles L. Carr Memorial Property Owners Association and the various recipients of deeds. If the association could bring an action as urged by plaintiff, the next question would be directed to whether the bylaws of the association had been complied with. Another question that would be raised would be the nature of a quorum for the purpose of pitting part of the members of an association against other members of the same association. It would further impair the operation of recording statutes enacted for the benefit of persons recording deeds in that equity actions would not be indexed against the names of the recorded property owners.

In the Mariner case, supra, the action was brought to enforce a restriction that was in defendant's deed. This action is brought to enforce restrictions in the deeds allegedly of plaintiff's, but not in the deed of defendant. It is sufficient to here note also that there is a companion case involving the same case which is brought by a proper party plaintiff. We, therefore, enter the following

## ORDER

And now, April 17, 1973, the first preliminary objection alleging that the complaint does not set forth a right of action in plaintiff as a proper party plaintiff is sustained and the complaint is dismissed.