## Smouse v. Glunt

*William H. Peoples*, of *Southwestern Pennsylvania Legal Aid Society, Inc.*, for plaintiffs.
*Donald J. McCue*, for defendants.

FRANKS, *J.*, September 27, 1978—

### STATEMENT OF ISSUES

On or about April 20, 1978, plaintiffs instituted the within suit in equity seeking to enforce a building restriction contained in defendants' deed. Defendants filed an answer on May 12, 1978, denying any violation of the restrictive covenant.

The primary issues involve an interpretation of the restrictive covenant in defendants' deed, as well as a question of plaintiffs' right to enforce the covenant.

## FINDINGS OF FACT

1. Jordan Brothers' Excavating Company (Jordan Bros.), a partnership, was the owner of a certain parcel of land situated in Dunbar Township, Fayette County, Pa.

2. During a period of approximately 20 years, Jordan Bros. divested itself of ownership of said real estate by separate deeds as follows:

(a) On December 31, 1957, a tract of land consisting of approximately 0.8 acres was conveyed to Ralph V. Jordan (a partner in Jordan Bros. until his death in 1973) and his wife, Opal;

(b) On May 19, 1960, a tract consisting of approximately 0.5 acres was conveyed to James and Evelyn Sperry;

(c) On August 11, 1967, plaintiff, Christina Smouse, formerly Christina Truxell, purchased a tract consisting of approximately 0.5 acres; and

(d) On August 4, 1977, Jordan Bros. conveyed the remainder of the aforementioned parcel, approximately 6.5 acres, to Ralph E. and Barbara Glunt, defendants.

3. The deeds to the Glunts, the Sperrys and Ralph and Opal Jordan each contain the following restrictive covenant:

"Subject to the express condition and restriction that no building located on the within property or any building hereafter erected thereon shall be erected for or used or employed for any purpose other than that of a private dwelling house with private garage "

4. The deed to Christina Truxell Smouse contains a clause which reads:

"Under and Subject nevertheless to the express condition that no house trailer shall be erected, parked or used on said land, and that no building shall be erected, used or employed on said land for any purpose other than that of a private dwelling house with private garage."

5. Zoning is not here at issue.

6. No lot plan was ever filed or recorded by Jordan Bros. nor is there any indication of a housing or construction project concerning the abovementioned tracts.

7. Defendants have begun making preparations to move a house trailer onto their real estate as a temporary residence while their conventional dwelling house is being built.

8. Defendants have also taken steps to build a barn on the premises with the purpose of introducing livestock thereon.

9. To facilitate defendants' actions, Jordan Bros. executed a deed on May 6, 1978, which purports to revoke the building restrictions on the Glunt land.

## DISCUSSION

### Interpretation of Restrictive Covenant in Glunt Deed

Preliminarily, we must decide whether or not the language of the restrictive covenant in the Glunt deed would preclude the placing and use of a house trailer or barn upon defendants' tract of land.

Building restrictions and similar covenants which restrain a grantee in the free enjoyment of his land are not favored in the law and must be strictly construed against the grantor. Such restric-

tions are not to be extended by implication unless the parties clearly so understand and intend: Sandyford Park Civic Association v. Lunnemann, 396 Pa. 537, 152 A. 2d 898 (1959); Bennett v. Lane Homes, Inc., 369 Pa. 509, 87 A. 2d 273 (1952).

In the instant case, the restrictive covenant in the Glunt deed prohibits the erection or use of a building "for any purpose other than that of a private dwelling house with private garage." It should be emphasized that of the four adjoining lot owners who purchased from the common grantor, Jordan Bros., only one, plaintiffs herein, contained a specific restriction against erection or use of house trailers. The others, including defendants, were restricted in general terms only as to the use which they could make of their property and as to the type of structures permitted. This is strong presumptive evidence of the grantor's intention that a house trailer could be a "private dwelling house" within the strictures of the covenant in the Glunt deed. In addition, Pennsylvania courts have held that municipal building code ordinances regulating "dwelling houses" are applicable to immobilized house trailers: Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572, 46 A. 2d 35, appeal dismissed 329 U.S. 669, 67 S.Ct. 92, 91 L.Ed. 591 (1946). Moreover, other Pennsylvania trial courts have held that occupying land with a house trailer does not violate a restrictive covenant prohibiting the erection of " 'any building of any kind except a single one-family private dwelling house . . . ' " Branch v. Royal, 48 D. & C. 2d 784 (1969); Sweigart v. Peiffer, 57 Lanc. 207, 210 (1960). Therefore, it is this court's opinion that defendants would not violate the restrictive covenant in their deed by moving a house trailer upon the premises and using it as a dwelling house, notwithstanding

the possibility, later explored herein, that the restrictive covenant in defendants' deed inures to plaintiffs' benefit.[1]

However, the restriction in defendants' deed should preclude the building of a barn (a discussion as to plaintiffs' standing to enforce the covenant follows below). The proposed barn is clearly intended for agricultural purposes and is not necessary or appurtenant to the residential use of the property. Where limitations on the use of property are plainly disregarded, restrictive covenants as to the use of land are violated: Culp v. Firestone Tire & Rubber Co., 303 Pa. 257, 154 Atl. 479 (1931).

## Plaintiffs' Right to Enforce Covenant in Defendants' Deed

A restrictive covenant is deemed to run with the land when either the liability to perform it or the right to take advantage of it passes to subsequent purchasers of the land: DeSanno v. Earle, 273 Pa. 265, 117 Atl. 200 (1922). In the case at bar, we are not concerned with subsequent purchasers of land encumbered or benefitted by a restrictive covenant; therefore, whether the restrictive covenant in defendants' deed runs with any dominant or servient estate is not here at issue. Rather, our inquiry

---

1. Any argument by plaintiffs that the trailer prohibition contained in their deed attached to defendants' property under a "negative reciprocal easement" or "implied reciprocal servitude" theory will fail because of lack of any evidence as to a general plan or scheme or as to a purpose of restricting trailers generally: Clancy v. Recker, 455 Pa. 452, 316 A. 2d 898 (1974). For similar reasons a third-party beneficiary argument will not benefit plaintiffs as to the trailer prohibition. See next section on plaintiffs' right to enforce the covenant for a discussion of the third-party beneficiary theory.

is limited to whether or not plaintiffs are entitled to enforce a promise made directly by defendants to a common grantor of the adversaries herein.

Restatement, Property, §541, provides: "The persons initially entitled to enforce the obligation of promise respecting the use of land are the promisee and such third persons as are also beneficiaries of the promise."

Various appellate cases in Pennsylvania, citing section 541 as authoritative, have held that a restriction imposed by a grantor for the benefit of adjoining or neighboring property owners may properly be enforced by the latter: Mariner v. Rohanna, 371 Pa. 615, 92 A. 2d 219 (1952); J.C. Grille, Inc. Liquor License Case, 181 Pa. Superior Ct. 456, 124 A. 2d 659 (1956).

Although the covenants in the preceding cases included specific language as to who might enforce the promises, the lack of such specificity in the instant case does not prevent plaintiffs from enforcing the building restriction in defendants' deed. Comment E of section 541 states:

" . . . In the absence of specific language pointing out the intended beneficiaries of the promise, as is often the case, the proof must rest almost entirely or in large part upon the reasonable inferences from the circumstances under which the promise was made. One of the circumstances tending to show the necessary intention is the fact that the land was included in a general plan of development of a certain area which plan was being pursued by the promisee at the time the promise was made. If the whole of an area was being developed by the promisee in accordance with a general plan of development, the inference may and commonly will arise that the owner of each part of the land included within the plan is intended to have the benefit of the

promises made by the owners of all of the other parts in so far as they are in conformity with the general plan. . . "

Defendants, in the present case, were the last in a line of four grantees of a parcel subdivided and sold by Jordan Bros. over a period of approximately 20 years. Each deed from the common grantor contained a covenant restraining the grantees from erecting or using a building other a "private dwelling house with private garage." This indicates a general plan or scheme, even though unrecorded as such, to preserve the residential character of the parcel subdivided by Jordan Bros.

Defendants are held to a constructive awareness of such a plan as evidenced by similar restrictions in all deeds to the contiguous grantees from Jordan Bros. See Finley v. Glenn, 303 Pa. 131, 154 Atl. 299 (1931). Hence, plaintiffs may enforce the covenant in defendants' deed as third-party beneficiaries and can properly restrain defendants from building the proposed barn.[2]

## CONCLUSIONS OF LAW

1. The parties and subject matter are properly before the court.

2. The restrictive covenant in defendants' deed is not violated by placing a house trailer on the land for use as a private dwelling.

---

2. Defendants cannot successfully contend that the attempted revocation of the restrictive covenant in defendants' deed also precludes plaintiffs from suing on the covenant. See Comment F to Restatement, Property, §556, stating that a release by one beneficiary of a covenant does not affect the rights of others.

3. The restrictive covenant is violated by erecting a barn on the land for use as a livestock refuge.

4. Plaintiffs have the right to enforce the covenant contained in defendants' deed.

5. Costs shall be divided between the parties.

### DECREE NISI

And now, September 27, 1978, after hearing and testimony taken, it is ordered, adjudged and decreed that defendants be restrained from erecting any barn or other non-residential structure upon their premises and from using any structure for any purpose other than a "private dwelling house with private garage." Defendants may, however, move a house trailer onto the premises for use as a private dwelling house until such time as their conventional dwelling house is completed. Costs shall be divided between the parties.

The prothonotary is directed to enter this decree nisi and give notice of same to the attorneys for plaintiffs and defendants. If no exceptions are filed within 20 days, this decree shall be entered by the prothonotary as the final decree, as of course.