Darrell J. DICE and Jackie Dice, d/b/a Dice Construction Company, Appellants (Defendants),

v.

CENTRAL NATRONA COUNTY IM-PROVEMENT AND SERVICE DISTRICT, Bobby T. Edwards, Don and Carol Tipton, Appellees (Plaintiffs).

No. 83–108.

Supreme Court of Wyoming.

July 27, 1984.

Earl R. Johnson, Jr., Casper, for appellants.

Richard Peek, Casper, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

THOMAS, Justice.

In this case the appellants raise the question of whether restrictive covenants pertaining to a subdivision can be enforced by owners of property within the subdivision in the absence of a building committee selected in accordance with the restrictive covenants and without a showing of irreparable injury. In its judgment the district court found that the adjoining property owners had standing to enforce the restrictive building covenants and that the covenants had been violated. It entered a judgment in favor of the other property owners in the form of an injunction restraining construction by the appellants. We are in complete accord with the judgment entered by the district court and affirm that judgment.

In 1981 the Dices acquired four lots in the Bar Nunn Ranch Subdivision in Natrona County, Wyoming. Each of the lots was one hundred by two hundred feet and thus contained 20,000 square feet. The Dices subsequently divided each lot into two so that they had eight lots of 10,000 square feet. They then proceeded to construct a single family dwelling on one-half of each of the four lots which they had divided. In March of 1982 Darrell Dice stated in written communications to the Central Natrona County Improvement and Service District that he intended to build single-family dwellings on the other halves of the respective lots which he had divided.

Prior to the acquisition of these lots by the Dices a stipulated judgment had been entered with respect to the Bar Nunn Ranch Subdivision which adopted certain Building Restrictions relating to that property. The Building Restrictions provided in Article I, § 1.2, as follows:

"1.2. Upon any lot above-described no structure shall be erected, altered, placed or permitted to remain on any lot other than a one detached single family dwelling."

The lots owned by the Dices were included in the lots referred to in § 1.2 of the Building Restrictions. Section 4.6 of Article IV of the Building Restrictions also is significant. It provided:

"4.6 These covenants are to run with the land and shall be binding on all parties and all persons claiming under them until ten years (10) from and after the date of execution hereof, at which time said covenants shall be automatically extended for successive periods of ten years (10) unless by vote of a majority of the then Owners of the lots or building sites, it is agreed to change said covenants in whole or part. If the parties hereto or any of them or their heirs or assigns shall violate or attempt to violate any of the covenants herein, it shall be lawful for any other person or persons owning any of the lots or building sites mentioned herein to prosecute any proceeding at law or in equity against any person or persons violating or attempting to violate any such covenant, and either to prevent him or them from so doing or to recover damages for such violations. * * *."

Subsequent to the Judgment adopting the Building Restrictions, CDS, Inc., as owner of certain lots in the Bar-Nunn Ranch Subdivision, adopted additional Building Restrictions. In those additional building restrictions provision was made for committees of three persons to supervise and enforce the building restrictions. The committee members were to be elected on September 1 of each year to serve a term of one year. One was to be a principal of CDS, Inc., or a nominee of that entity, and the others were to be elected by a majority of the owners of land in the area. In these additional Building Restrictions, in an article which applied to two of the lots owned by the Dices, provision was made for a minimum lot area three times the total floor area of the building but not less than 9,000 square feet. These building restrictions, however, are silent with respect to any authority in the committees to waive the provisions of either set of building restrictions, and they do not specifically provide for authority to approve the division of lots.

Upon the announced intention of the Dices to build additional homes on the other halves of the lots which had been subdivided the Central Natrona County Improvement and Service District, Bobby T. Edwards, and Don and Carol Tipton brought this action, seeking injunctive relief against the Dices with respect to the violation of the building restrictions and specifically enjoining them from building more than one single-family dwelling per platted lot in the Bar Nunn Ranch Subdivision. In its Judgment the district court found that the plaintiffs, who are the appellees in this court, as property owners had standing to enforce the building restrictions; that the Dices had expressed an intention to build more than one single-family dwelling per lot as originally platted; that the proposal to build more than one single-family dwelling on the lots in question was contrary to and in violation of the building restrictions; and that the plaintiffs were entitled to injunctive relief without a showing of irreparable damage and the inadequacy of a legal remedy. The court then entered its judgment permanently enjoining the Dices from violating the building restrictions relating to the Bar Nunn Ranch Subdivision in Natrona County, Wyoming, and specifically enjoining them from building more than one single-family dwelling on the lots in question. The appeal to this court is from that judgment.

In their brief the Dices state the issues in this appeal in the following manner:

"1. Was a proper building committee elected?

"2. Was there a building committee at the time of defendant's construction?

"3. Did the alledged [sic] building committee ignore the covenants and restrictions?

"4. Can an injunction issue if there is no showing of irreparable harm of uncompensatible [sic] injury?

"5. Did the subdivision abandon the building restrictions and covenants to Natrona County, Wyoming?

"6. Did defendant comply with Natrona County, Wyoming requirements?

"7. Has Bar Nunn (the town of) abandoned its control or is it estopped or has it waived its claim?"

The appellees state the questions before the court in this way:

"1. Whether there was substantial evidence before the Trial Court to support its finding that Appellees, as property owners, have standing to enforce the applicable building restrictions, and that, in this action, Appellees took proper steps to enforce said building restrictions.

"2. Can a permanent injunction issue to enforce building restrictions if there is no showing of irreparable harm and the insufficiency of a legal remedy; and, in any event, did Appellees establish by competent evidence irreparable damage and insufficiency of legal remedy, which would warrant injunctive relief to enforce the applicable building restrictions."

In addition the appellees suggest that costs and penalties should be awarded because there was no reasonable cause for appeal.

■ The preponderance of the Dices' brief and argument relates to the failure to elect a proper committee in accordance with the second set of Building Restrictions. Whatever the resolution of that question might be in a proper case, it has no materiality in the disposition of this case. The assumption of the Dices is that if a committee had been properly elected they could have obtained permission to do that which they sought to do from the committee. In the Building Restrictions, however, there is no provision for the building committee to in any way acquiesce in an adjustment of the provision for only one single-family dwelling per lot. *Keller v. Branton*, Wyo., 667 P.2d 650 (1983). In the absence of authority on the part of the committee to adjust that requirement of the Building Restrictions, whether a proper committee was in existence is not of significance in the disposition of the case.

■ The Building Restrictions with respect to only "one detached single family dwelling" upon any lot are equally plain and unambiguous as the language construed in *Knadler v. Adams*, Wyo., 661 P.2d 1052 (1983). The lot referred to in the Building Restrictions has to be a lot as it was originally platted. See *Mangini v. Oak Park Trust and Savings Bank*, 43 Ill.App.2d 318, 193 N.E.2d 479 (1963). The Dices suggest by their argument that they were justified in subdivision of these lots because the subdivided lots would contain more than 9,000 square feet, in accordance with the additional Building Restrictions, but their impression that this is permissible under the Building Restrictions is erroneous.

■ The other contention of the Dices that is of some significance is the claim that no injunction should issue because there is no showing of irreparable harm or uncompensable damage. The rule is clear that a restrictive covenant such as that here in question can be enforced without regard to the amount of damages which would result from a breach and even though there is no substantial monetary damage. E.g., *Continental Oil Co. v. Fennemore*, 38 Ariz. 277, 299 P. 132 (1931); *Payette Lakes Protective Ass'n v. Lake Reservoir Company*, 68 Idaho 111, 189 P.2d 1009 (1948); *Beck v. Heckman*, 140 Iowa 351, 118 N.W. 510 (1908); *Oosterhouse v. Brummel*, 343 Mich. 283, 72 N.W.2d 6 (1955); *Matthews v. First Christian Church of St. Louis*, 355 Mo. 627, 197 S.W.2d 617 (1946); *Jinkins v. City of Jal*, 73 N.M. 173, 386 P.2d 599 (1963); *Evangelical Lutheran Church of the Ascension of Snyder v. Sahlem*, 254 N.Y. 161, 172 N.E. 455 (1930); and *Kiernan v. Snowden*, Sup., 123 N.Y.S.2d 895 (1953). The district court here properly granted injunctive relief even in the absence of a showing of irreparable harm or uncompensable injury.

The other contentions of the Dices which are not specifically dealt with have been considered, but in light of our disposition of the other issues they have no significance. Whether the Dices complied with the requirements of Natrona County and whether

the Town of Bar Nunn or the Bar Nunn Ranch Subdivision might have wished to abandon building restrictions are of no moment with respect to restrictive covenants such as these. Further, a majority of the court is not prepared to certify that this is an instance in which there was no reasonable cause for the appeal so as to justify the assessment of penalties against the appellants.

The judgment of the district court is affirmed.