EVELINE UPHAM & another *vs.* GEORGE H. MARSH.

Worcester. Oct. 1, 1879.— June 24, 1880. ENDICOTT & LORD, JJ., absent

If a surveyor of highways judges it to be for the interest of the town to dispose of soil, taken from land within the limits of a highway for the purpose of lowering the highway, by depositing it on his own land as the best way of clearing the road of useless material, rather than to use it elsewhere on the road, he is not liable to an action by the person who owns the fee of the road at the place where the soil was taken.

TORT for breaking and entering the plaintiff's close in Dudley, and carrying away and converting to his own use a quantity of earth and gravel. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on the following agreed facts :

The plaintiffs are owners in fee of a farm in Dudley, through which the town in 1816 laid out a public way, which it has ever since maintained. The defendant took and carried away the soil from the way, where it is laid out through the farm, in June 1875, and in October 1877. In 1875, E. L. Upham was highway surveyor of the district where the road lies, the town being then and ever since under the highway district system. In 1877, the defendant was himself the highway surveyor of the district. At both times the travelled road-bed, including the gutters, was ploughed lengthwise to the lines of the road banks, and the soil, which was taken and carried off, was loosened and turned up by such ploughing. The road was thus ploughed on both occasions, to lower the same and as a measure of repair thereof, and by

direction of the highway surveyor for the time being. The place lowered in 1877 was a continuation of that lowered in 1875, and the entire lowering, a distance of eight rods, was on the south side of a very steep hill, and on each side of the located road opposite the place so lowered was the mowing-land of the plaintiffs. Nearly one hundred rods south of the place lowered, at the foot of the hill, was a hollow, and the soil carried off by the defendant, if it had been used to raise the hollow, would have improved the road. The defendant in both cases put the soil so carried away by him on his own land, which adjoined the road south of the plaintiffs' land, and was fifty rods from the place of lowering. The defendant was authorized by the surveyor, in 1875, to take and carry off the soil then removed by him, and did so under an agreement with the surveyor that the defendant might have the soil for carting it off from the road; and all was done as a part of the repairs then in progress, and with a view of clearing the road of needless material. In 1877, the defendant, as surveyor, took and carried off the soil then removed by him in his capacity as surveyor, and under the authority he possessed as such, and took the soil to his own use to pay him for carting it off from the road; and all was done as a part of the repairs then in progress, and with a view to clearing the road of needless material. In both cases the surveyor judged it better for the interest of the town thus to dispose of the soil, than to use it elsewhere on the road. The soil was used by the defendant on his own land for grading purposes. In both cases the defendant used his own horse and cart and men for the removal of the soil, and charged the town nothing for the work so done.

The first time he took eight loads of the agreed value of twenty-five cents a load, the last time he took twenty-five loads of the same agreed value per load. On these facts the court was to render such judgment as the law required.

*H. L. Parker*, for the plaintiffs.

*H. B. Staples*, for the defendant.

COLT, J. The highway surveyors of the town of Dudley, for the purpose of repairing the roads of that town in the years 1875 and 1877, authorized and directed in each of those years that several loads of earth be taken from the plaintiffs' land within

the limits of the highway, and deposited on the land of the defendant, who was himself the surveyor during the last-named year. In both instances, the soil was removed for the purpose of lowering the road at that point, and was deposited on the defendant's land as the best way of clearing the road of useless material, and because, in the discharge of their duties, the surveyors in each year judged it for the interest of the town to dispose of it in that manner, rather than to use it elsewhere on the roads of the town. It does not appear that the plaintiffs made any objection to such disposition of the soil at the time, or contended that it should be deposited on their own premises, outside the limits of the way, where without their consent it could not be rightfully left.

There is nothing in the facts agreed which shows such abuse of authority on the part of the surveyors, or either of them, as would make them or their servants and agents liable in tort for the conversion of the soil so removed.

When land is taken for a highway, the public acquires, as incident to the easement, the right to use the soil and materials for constructing and keeping in repair a way safe and convenient for all descriptions of public travel. And the power to determine what is necessary in order to maintain such a way is given by law to highway surveyors, whose decision must, from the nature of the question, be final and conclusive. The only remedy to the party suffering damage is the right to compensation given by statute. Gen. Sts. c. 44, §§ 19, 20. Upon the question of necessity, the judgment and action of these public officers cannot be revised by the jury in any action at law. And if the act be done within the scope of the surveyors' authority, it does not become illegal by reason of the motive which influenced it. *Benjamin* v. *Wheeler*, 8 Gray, 409. *Denniston* v. *Clark*, 125 Mass. 216.

The surveyors of Dudley, therefore, had the right to remove the soil in question, if the same was in their judgment an obstruction to the public travel, or if they deemed it necessary to change the grade of the road on the side of the hill; and their decision that it was necessary to remove it was conclusive on all parties. Gen. Sts. c. 44, § 8. *Morrison* v. *Howe*, 120 Mass. 565. *Bay State Brick Co.* v. *Foster*, 115 Mass. 431.

But it is contended on the part of the plaintiffs, that, as neither the town nor any officer of the town had any right to appropriate the soil and material belonging to them for any purpose other than the repair of the way, the defendant must be liable for the soil deposited upon his land and used by him. It is true that, under the pretence of repairing highways, town officers would have no right to take the soil of the landowner and by sale or otherwise appropriate it to their own sole use. That is not this case. Here the right to remove the plaintiffs' soil upon the facts stated is undoubted. It was not only the right, but it was the duty, of the surveyor to remove it; and removal implies the right to deposit it somewhere else. It has never been decided that it is necessary to the right of removal from one place that the material should be needed, or should be subsequently used, for repairs at some other point. The material itself may be wholly unfitted for such use, or may not be needed at a place to which it could be taken without disproportionate expense. It is not enough that, in the opinion of others, the soil in question might have been advantageously used in repairing this road at a more distant point. The judgment of the surveyor upon such questions must be of controlling weight. And, upon the whole case, we cannot see that more was done in this case than was reasonably necessary and incidental to the convenient and proper execution of the work of repairing the road where it crossed the plaintiffs' land. It follows that the plaintiffs lost all title to the soil when so removed from land belonging to them, and cannot maintain an action for its conversion.

*Judgment affirmed.*