OLIVER WILSON, APPELLANT, V. FRANK G. SPENCER, APPELLEE.

FILED APRIL 8, 1912.   No. 16,637.

1. **Pleading**: SUFFICIENCY: ACTION FOR DAMAGES. In an action for damages against a road overseer for grading a road and removing a culvert, which work was clearly within his discretion and the scope of his duties, the mere allegation in the petition that in so doing he acted maliciously, unlawfully, and not for the public interest, does not state an actionable wrong.

2. Petition set forth in the opinion examined, and *held* vulnerable to a general demurrer.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*H. C. Vail,* for appellant.

*O. M. Needham* and *F. A. Doten,* contra.

LETTON, J.

This is an action for damages against a road overseer for the destruction of a culvert and the digging of a ditch in the highway in front of plaintiff's premises. A demurrer was filed to the petition, which was sustained and the action dismissed. Plaintiff appeals.

In substance, the petition alleges that the plaintiff is a farmer and a resident landowner in Road District No. 1 of Boone county; that the defendant is the road overseer in that district; that a public highway runs north and south along the east line of plaintiff's farm for a distance of one mile, and that there is no way of access to his land except by the public road mentioned; that his land is inclosed by a fence, and that he maintains a gate at a point about midway on the line of the road; that the public authorities about five years ago graded the road and left a ditch and steep embankment opposite the gate, and afterwards built a culvert opposite the gate for the purpose of allowing access thereto; that the defendant, pretending to act as road overseer, recklessly, wantonly, and maliciously, and for the gratification of his malignant feelings, caused the road to be again graded and the culvert to be destroyed and removed; that the culvert was not an obstruction in the road and the grading was not necessary to be done for the good of the public; that defendant left an embankment about five feet high and a ditch about three feet deep in front of the gate, and caused a ditch about twelve inches deep to be made opposite plaintiff's

premises extending for more than half a mile along the road, and left an embankment along said ditch; that he refused to place a culvert or other means of passage across the ditch and refused to allow plaintiff to erect a culvert or other means of passage across to the embankment; that defendant as road overseer had ample funds under his control to erect and maintain a culvert across the ditch, and that the acts of defendant were done wantonly, wilfully, and with malicious intent to injure plaintiff.

Bearing in mind the rules that the allegations of a petition are to be construed most strongly against the pleader and that a demurrer does not admit mere conclusions of law, does the petition state a cause of action? It is evident that the officer charged with the duty of maintenance of highways must, in the absence of supervision or direction by the county board, be vested with the discretion of determining the necessity for grading the road or ditching along the side. Chaos would reign if each abutting landowner should have the power to dictate as to the manner in which a road was to be constructed in front of his premises. The road overseer may act unwisely, but the entire highway within the road district over which his authority extends is within his jurisdiction, and it is for him to determine the work to be done in the highway space so as best to provide for the convenience of public travel. The petition shows that the road was graded for at least half a mile, and it is clear that such acts were within the scope of the overseer's authority and within his discretion.

The general principle is that a public officer is not liable to an action if he acts unwisely in a matter wherein it is his duty to exercise judgment and discretion, even though a private person may be damaged thereby. This rule is particularly applicable to officers in control of highways, for the reason that their operations touch the property of so many persons that, if not exempt, they might be constantly harassed. *McConnell v. Dewey,* 5 Neb. 385; *Kendall v. Stokes,* 44 U. S. *87, 11 L. ed. 506; *Upham v. Marsh,* 128 Mass. 546; *Denniston v. Clark,* 125 Mass. 216;

*Highway Commissioners v. Ely,* 54 Mich. 173; *Dean v. Millard,* 151 Mich. 582; *Packard v. Voltz,* 94 Ia. 277. As was well said in *Yealy v. Fink,* 43 Pa. St. 212, 82 Am. Dec. 586: "It is of the utmost importance that officers intrusted with such powers be protected in exercising them, without being terrified with the apprehension of personal responsibilty, if their acts should result in harm to any private property." The mere allegation in the petition that in performing work which was clearly within the scope of his duties the officer acted maliciously, wantonly, and unlawfully, does not state an actionable wrong. "Bad motive, by itself, then, is no tort. Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful. * * * When in legal pleadings the defendant is charged with having wrongfully and unlawfully done the act complained of, the words are only words of vituperation, and amount to nothing unless a cause of action is otherwise alleged." Cooley, Torts (3d ed.) *832.

The discussion so far has been with reference to the allegation as to the grading. But the use of the highway is not confined alone to ordinary travelers in front of a landowner's property. He is equally entitled to the use of it as a means of ingress and egress to and from his property, and if deprived of the same by the action of the public authorities the constitution preserves to him his right to compensation. *Stehr v. Mason City & Ft. D. R. Co.,* 77 Neb. 641, and cases cited. There are allegations in the petition that the defendant refused to place a culvert across the ditch and refused to allow the plaintiff to do so. Undoubtedly plaintiff was entitled to the means of access either by the action of the road authorities or by his own subject to their approval and direction. *Highway Commissioners v. Ely, supra; Village of Sandpoint v. Doyle,* 14 Idaho, 749, 95 Pac. 945. But, this may be conceded, and yet not aid the plaintiff's contention. The petition is to be construed most strongly against the pleader, and the presumptions are against him.

It was clearly within the scope of the defendant's duties to control the construction of culverts or bridges across ditches within the highway. The presumption is that the public officer acted in accordance with his duty in the premises. So far as the pleading discloses the plaintiff might have contemplated placing an unsuitable crossing or culvert across the ditch, which would be an obstruction to the road, and which would interfere with the proper drainage of the highway. The refusal of the defendant to allow the plaintiff to erect a culvert or crossing is not of itself an actionable wrong. The defendant might well refuse to allow an unsuitable culvert to be constructed and would be entirely within his legal rights and duties in so doing. We doubt the mere plea that defendant "refused" is more than a conclusion of law, which is not admitted by a demurrer, but, however this may be, it is clear that the refusal by a highway officer to allow a structure to be erected in a highway by an abutting owner does not constitute a cause of action. If the road overseer believed that the removal of the culvert in front of plaintiff's gate was necessary in the regrading of the road, he was undoubtedly entitled to remove the same, and to refuse to replace it, regardless of what his feeling might be towards the plaintiff. The removal of the material of the culvert which belonged to the public could not be a violation of any property right of plaintiff in the same.

We are of opinion that the mere statement that the defendant acted maliciously and wantonly and not for the public interest in performing acts clearly within the scope of his duties as road overseer, without setting forth any facts to indicate that the work was not performed for the public interest but alone intended to damage the plaintiff, is not sufficient to state a cause of action.

The judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.