[No. 3406.   April 11, 1931.]

SUMMERFORD v. BOARD OF COM'RS. OF
DONA ANA COUNTY et al.

[298 Pac. 410.]

W. C. Whatley and M. A. Threet, both of Las Cruces, for appellant.

Carl H. Gilbert and M. W. Hamilton, both of Santa Fe, Reid, Hervey & Iden, of Albuquerque, and Holt & Holt and J. Benson Newell, all of Las Cruces, for appellees.

OPINION OF THE COURT

WATSON, J.

■ ■ This opinion will supplant those filed July 15, 1930 and October 27, 1930, which are withdrawn.

Margaret Summerford sued the four individuals and the three corporations named, alleging that the defendants, in contravention of the Constitution and statutory laws, constructed a viaduct "along Picacho Avenue in the town of Las Cruces and a part of the Las Cruces-Deming state highway," upon which plaintiff's property abuts, cutting off ingress and egress, to her damage $10,-000, without having instituted and prosecuted to final judgment any condemnation proceedings to acquire a right of way for said viaduct, without having paid or offered to pay damages sustained, or to be sustained, and without plaintiff's consent; that "in laying out the state highway at the place and in construction of the 'viaduct' each and all of the defendants, as well as the State Highway Commission * * * have and enjoy the right of eminent domain in the taking or damaging of property on and adjoining such highway, are charged with the duty to proceed in a lawful manner, and to fully compensate owners of any such property as may necessarily be taken or damaged in the construction of such improvement"; that the individual defendants, members of the state highway commission, and the state engineer, knew that no right had been acquired to construct the viaduct "on said Picacho Avenue," but nevertheless wilfully and maliciously proceeded to construct the same without any condemnation proceeding or any payment of damages; by reason whereof, though they purported to act in their official capacities, they exceeded their official authority and incurred individual liability;

and that, while the railway company had not the right of eminent domain as to the viaduct, it aided and assisted the other defendants by paying its pro rata of the cost of the viaduct over its tracks.

The corporate defendants, severally, and the individual defendants, jointly, demurred. All demurrers were sustained. Plaintiff appeals from the judgment following her refusal to plead further.

The complaint seems to be bottomed upon the proposition that the construction of the viaduct without plaintiff's consent, and without condemnation proceedings and payment of damages, was "in contravention of the constitution and statutory laws." The references are to Const. art. 2, § 20, which provides:

"Private property shall not be taken or damaged for public use without just compensation."

and Laws 1923, c. 21 (1929 Comp. § 43-301), which provides:

"Any person, firm or corporation authorized by the constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, for the value thereof or the damage thereto at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the code of civil procedure of this state; Provided that this act shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line."

The learned trial judge was of the opinion that the statute just quoted is inapplicable, since it "obviously refers to private persons, firms or corporations that have been granted the power of eminent domain, and does not refer to public officers or agencies of the state." He held further that the constitutional provision quoted conferred upon plaintiff a right to her damages, but that the individual defendants were not suable, since they acted rightfully and within the scope of their authority in constructing a viaduct "on a road which concededly belonged to the

state." He pointed out, as plaintiff's proper remedy, mandamus to compel the "highway authorities" to exercise the power of eminent domain in accordance with Laws 1927, c. 39 (1929 Comp. § 64-313), which provision, though referring in terms only to the taking of property for rights of way, he thought necessarily comprehends the damaging of property not actually taken.

■ As we understand this decision, it was considered that the present complaint states no cause of action against any defendant, but that in a proper proceeding liability may be brought home to the defendant board of county commissioners, under 1929 Comp. § 64-313, which provides that the several counties shall obtain and pay for rights of way for state highways.

Consequential damages are not, as the trial court noted, mentioned in the section just referred to. The view of the trial court that they are comprehended is not without support in reason. It was the clear duty of the Legislature to designate some source of recovery of the damages which the Constitution says the citizen is to have. No good reason has been suggested why, if liability for compensation for the taking of property for highways is imposed upon the county, liability for damaging property for the same purpose should be placed elsewhere. No other paymaster than the county is pointed out. Where the Constitution has clearly given the citizen the right, courts should indulge a reasonable liberality of construction in order to effectuate it. But we are spared the necessity of pursuing or deciding this question in the present case. The defendant county expressly admits that ordinarily its liability for damaging is the same as its liability for taking.

■ Having thus found plaintiff's right in the Constitution and the county's liability in the statute, we see no reason for denying that, regardless of 1929 Comp. § 43-301, supra, the ordinary civil action affords a remedy.

"There shall be in this state but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be denominated a civil action, and the party thereto complaining shall be known as the

plaintiff ,and the adverse party as the defendant." 1929 Comp. § 105-101.

Though the trial court may have placed the decision on a wrong ground, it should still be sustained if the county's demurrer is good. These are its grounds:

"(a)  That it only becomes the duty of the County Commissioners to obtain a right of way for highways constructed under the supervision of the State Highway Commission when the owners of said land and the Board of County Commissioners have been unable to agree upon the compensation to be paid for said right of way, or where the owners have not donated a right of way.

"(b)  That it does not appear upon the face of the complaint that the owner, plaintiff, and the defendant the Board of County Commissioners ever attempted to arrive at an amicable adjustment of the compensation to be paid plaintiff for a right of way for said highway.

"(c)  That it does not appear upon the face of the complaint that the defendant the Board of County Commissioners were ever requested by the State Highway Commission to obtain a right of way for said highway referred to in the complaint of the plaintiff or the viaduct in conjunction therewith.

"(d)  That it affirmatively appears from the face of the complaint that the lands of the plaintiff so taken and damaged by the construction of said viaduct and highway were within the limits of the incorporated town of Las Cruces, N. M., and therefore not within the jurisdiction or control of the Board of County Commissioners."

Ground (d) has been abandoned in argument here.

Grounds (a), (b), and part of (c) require no consideration. The trial judge interpreted the complaint as alleging merely the construction of a viaduct on a right of way "concededly belonging to the state." This is at least a permissible interpretation and we adopt it. Horton v. A., T. & S. F., 34 N. M. 594, 288 P. 1065. Hence this case does not involve a taking of property for right of way.

The question remaining is whether plaintiff, seeking consequential damages from the county liable therefor, should have alleged that the state highway commission requested that it "obtain a right of way for * * * the viaduct." This language is equivocal. If the viaduct was erected on a road "concededly belonging to the state," it is apparent that it was unnecessary to obtain a "right of

way." . It was probably intended to present the idea that consequential damages, like damages for the taking itself, ought to be ascertained and paid in advance, and that it was the duty of the highway commission to call upon the county to get an adjustment of the matter before making the improvement.

■ ■ This brings us to what, as between the plaintiff and the individual defendants, has been the principal point of disagreement. The former has contended, and the latter have denied, that the latter, in erecting the viaduct and causing the damage, without prior ascertainment and settlement of it, have been guilty of a tort, and have incurred personal liability as in Board of Trustees v. Pooler, 32 N. M. 460, 259 P. 629. This view the trial court rejected, we think rightly.

Unless given by the Constitution or statute, the citizen's right to consequential damages to his property because of the construction or improvement of a public highway does not exist. Northern Transportation Co. v. Chicago, 99 U. S. 635, 25 L. Ed. 336; Wilson v. Spencer, 91 Neb. 169, 135 N. W. 546; "Highways," 13 R. C. L. § 132; 29 C. J. § 302.

The right in this state originates in Const. art. 2, § 20, supra. Upon a misinterpretation of that provision plaintiff's tort theory is based. It does not require that compensation be made in advance of the use. Numerous state Constitutions do so require, either by express provision or by direct inference. Even so, it is held by great weight of authority that the requirement does not apply to consequential damages. See Edwards v. Thrash et al., 26 Okl. 472, 109 P. 832, 138 Am. St. Rep. 975; Clemens v. Conn. Mut. Life Ins. Co. et al., 184 Mo. 46, 82 S. W. 1, 67 L. R. A. 362, 105 Am. St. Rep. 526, and the decisions therein cited and discussed.

In reaching this conclusion the courts have pointed out practical distinctions between the taking and the damaging of property for a public highway. The property taken can always be determined in advance, and the compensation as well. It is not possible to anticipate what conse-

quential damages may be asserted. So, it is the rule that the improvement will be allowed to proceed and the liability for consequential damages will be determined afterward. Otherwise, injunctions would intolerably delay public work and responsible officials, from fear of personal liability, would refuse to proceed.

If it be urged that some of our statutory provisions seem to imply a prior settlement of consequential damages, they must yield to the same interpretation as similar constitutional provisions have received. Such consequential damages as are anticipated may be so determined and compensated. But there can be nothing exclusive in such statutes.

This principle excludes the personal liability of the individual defendants. It excludes also the liability of the town of Las Cruces, and of the railway company. Their liability is predicated solely on the theory that they were guilty of some participation in a tort. Moreover, it defeats the contention that a request by the state highway commission is essential to fixing liability upon the county. The statute does not make it so. It could be so only on the theory that compensation must precede the injurious act.

Thus, aided by the admission of counsel, we find ourselves in agreement with the conclusion reached by the trial judge except in one particular. We do not think that plaintiff may be relegated to an action of mandamus. We find the present complaint sufficient as the basis of a "civil action" against the county.

The judgment is reversed as to the board of county commissioners of Dona Ana county only. The cause will be remanded, with a direction to overrule the demurrer of that defendant. It is so ordered.

BICKLEY, C. J., and PARKER, SADLER, and HUDSPETH, JJ., concur.