391 P.2d 664

Lloyd W. WHEELER and Mary Wheeler, Plaintiffs-Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF SAN JUAN COUNTY, New Mexico, Defendants-Appellees.

No. 7387.

Supreme Court of New Mexico.

April 20, 1964.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellants.

Earl E. Hartley, Atty. Gen., Hadley Kelsey, Joseph L. Droege, Oliver G. Ricketson, Special Asst. Attys. Gen., Santa Fe, Charles L. Craven, Asst. Dist. Atty., Aztec, for appellees.

CHAVEZ, Justice.

Appellants, plaintiffs below, appeal from a judgment for appellees, Board of County Commissioners of San Juan County, New Mexico, granted in accordance with Rule 12(c), (§ 21–1–1(12) (c), N.M.S.A., 1953 Comp.)

Appellants' first amended complaint filed December 1, 1961, under count one, alleged ownership by appellants for many years of an 80-acre tract of land in San Juan County upon which there are situated substantial residential and business buildings

where appellants have lived and conducted an Indian trading business for more than ten years; that prior to 1956, U. S. Highway 550 traversed in front of and abutting and adjoining the lands, business and residential buildings owned by appellants; that in the summer of 1956, appellees purchased land from appellants and others and commenced the design and construction of a new U. S. Highway 550 on a new alignment immediately to the south of the old highway; that said newly constructed highway was completed during the summer of 1957; that as a direct and proximate result of the design and construction of said highway on the new alignment, as well as the subsequent maintenance thereof, and by reason of improper drainage of water in the immediate area, appellants' land and buildings have been damaged, for which damages appellants have not been compensated; that according to the constitution and laws of the state of New Mexico, appellants are entitled to be compensated for damages to their land and improvements; that by reason of the improper design, construction and maintenance of said reconstructed highway, appellants have been damaged in the sum of $60,000.

Under count two, appellants alleged that on July 26, 1956, they executed and delivered to appellees two grants of right-of-way easements, on certain lands owned by appellants, which lands were acquired as a right-of-way for the purpose of re-construction of U. S. Highway 550 on a new alignment immediately south of the old U. S. Highway 550; that appellants were paid the sum of $26.58 as consideration for the two right-of-way easements. Appellants re-alleged ownership of the 80-acre tract of land and that the business and residential buildings are situated on said land; that subsequent to the reconstruction of U. S. Highway 550 on the new alignment over and across the land of appellants, the remaining land abutting and fronting on said right-of-way, together with the improvements thereon, have been damaged by reason of the acquisition of new right-of-way easements by appellees and by reconstruction of U. S. Highway 550 on the new alignment; that the action is brought pursuant to § 22–9–22, N.M. S.A., 1953 Comp., for damages in the sum of $60,000. Appellants filed a demand for jury trial.

Appellees, by answer, denied all of the allegations of counts one and two, except that they admitted, as to count one, that appellants were the owners of the land described in their first amended complaint, and that prior to 1956, U. S. Highway 550 traversed in front of, abutting and adjoining the land, business and residential buildings owned by appellants. The answer also raised the legal defense that each count of the complaint failed to state a claim and should be dismissed.

Both parties filed a motion for judgment in accordance with Rule 12(c), supra. The trial court, after a hearing, granted appellees' motion and entered judgment accordingly.

Appellants contend under their first point that appellees' motion filed in accordance with Rule 12(c), supra, should be treated as one for summary judgment and appellees agree. This contention is based upon the consideration by the trial court of a copy of a grant of a right-of-way easement dated August 12, 1956, and certain answers made by appellant Lloyd W. Wheeler to interrogatories which were as follows:

"Q. By whom is this highway maintained?

"A. I do not know.

"Q. By whom was this highway constructed?

"A. I do not know.

"Q. By whom was this highway designed?

"A. I do not know."

In view of the statement of counsel in their briefs, we will consider appellees' motion as being one for summary judgment under Rule 56, (§ 21-1-1(56), N.M.S.A., 1953 Comp.).

Appellants contend that they have alleged material issues of fact under count one which have been denied by appellees, thereby creating genuine issues upon which they are entitled to trial. Appellants say that count one is based on negligence and cite Art. II, § 20, of our constitution, which provides:

"Private property shall not be taken or damaged for public use without just compensation."

Appellants also cite § 55-1-2, N.M.S.A., 1953 Comp., as follows:

"All public highways, except such as are owned and operated by private corporations, and highways within the corporate limits of any incorporated city or town, shall be maintained and kept in repair by the respective counties in which they are located."

Appellees, on the other hand, submit that even if the allegations of count one are admitted, they sound in tort and, as such, appellees are not amenable to suit without their consent. Appellees thus say that their denial of the allegations of count one would not raise genuine issues of material fact.

Appellees rely upon Murray v. Board of Commissioners of Grant County, 28 N.M. 309, 210 P. 1067, in which Murray brought an action against the county commissioners of Grant County to recover damages for injuries received by reason of a defective highway. One of the approaches to a bridge on the Silver City-Deming highway

was washed out and the county commissioners had taken no steps to protect the public from danger on account of the condition of the highway. Murray, without negligence, drove his car over the bridge and into the excavation, thereby suffering personal injuries and damage to his car. The trial court sustained a demurrer to the complaint and a judgment of dismissal was entered. From this judgment, Murray appealed. This court said:

"The sole question in this case is whether, under such a state of facts, a county is liable for damages. The road was a county highway, and the duty of keeping it in repair was imposed upon the county by section 2627, Code 1915. The general rule is established by the great weight of authority that counties are not subject to liability for torts committed in the exercise of their governmental functions, unless such liability is established by direct statutory provision. See 15 C.J., 'Counties,' § 272; 7 R.C.L., 'Counties,' § 29; 13 R.C.L., 'Highways,' § 256; Dillon, Munic.Corp. (5th Ed.) § 1640; McQuillen, Munic.Corp. §§ 2605, 2719. The exemption of counties from liability for torts in the performance of their governmental functions is based upon the proposition that a county is an involuntary subdivision of the state and exercises, by direction and command of the state, a portion of the governmental functions thereof. It is therefore as much exempt from liability for torts as the state itself. * * "

The Murray case was followed by Elliott v. Lea County, 58 N.M. 147, 267 P. 2d 131, which was an action for injuries sustained by plaintiff when he stepped into an excavation while leaving the grounds of the county community hospital. The jury returned a verdict in favor of the plaintiff and the defendant moved for a judgment notwithstanding the verdict. The trial court granted the motion. Judgment was entered for defendant and plaintiff appealed. We held that the operation of the Lea County Community Hospital was a governmental function by the county and that no recovery for the injuries sustained could be had.

The rule in cases involving injuries to or destruction of private property resulting from the torts of counties or their agents is stated in 20 C.J.S. Counties § 215, pp. 1067–1068, as follows:

"Except in a few jurisdictions, it is the general rule that counties are not subject to liability for torts, in the absence of statutory or constitutional provisions which either expressly or by implication impose such liability on them. More strictly, a county is not liable, in the absence of statutory or constitutional provision, for its failure to perform a duty, or for

its negligent performance of a duty, when exercising governmental functions and acting as an agency of the state, even when the duty is imposed by statute; and there is no distinction in the application of this rule between the neglect to perform an act which ought to have been performed, and the performance of the duty in a negligent manner. * * * "

We therefore hold against appellants on their point one.

A more serious question is raised under count two of appellants' amended complaint, in that it is brought under the provisions of § 22–9–22, N.M.S.A., 1953 Comp., and alleges that the damages suffered by appellants resulted by reason of the acquisition of the new right-of-way by defendants and reconstruction of the highway on this new alignment. It appears from the answers to interrogatories that included therein are claimed damages resulting from defective design, construction and maintenance of the highway. Thus, count two sounds in inverse condemnation. Section 22–9–22, supra, provides:

"Any person, firm or corporation authorized by the Constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, for the value thereof or the damage thereto at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the Code of Civil Procedure of this state; Provided that this act [22–9–22, 22–9–23] shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line."

We keep in mind the constitutional provision of Art. II, § 20, supra, as well as § 55–2–28, N.M.S.A., 1953 Comp. (formerly § 64–313, 1929 Comp.), which provides that the several counties shall acquire and pay for rights-of-way for state highways.

In Summerford v. Board of Com'rs. of Dona Ana County, 35 N.M. 374, 298 P. 410, plaintiff sued the county commissioners of Dona Ana County and others for damages, alleging that the defendants, in contravention of the constitution and statutory laws, constructed a viaduct along a street in Las Cruces and a part of a state highway upon which plaintiff's property abuts, without condemnation proceedings, without having paid or offered to pay damages

sustained or to be sustained, and without plaintiff's consent. The trial court sustained a demurrer and plaintiff appealed. This court reversed the cause as to the board of county commissioners and said:

"Consequential damages are not, as the trial court noted, mentioned in the section just referred to. The view of the trial court that they are comprehended is not without support in reason. It was the clear duty of the Legislature to designate some source of recovery of the damages which the Constitution says the citizen is to have. No good reason has been suggested why, if liability for compensation for the taking of property for highways is imposed upon the county, liability for damaging property for the same purpose should be placed elsewhere. No other paymaster than the county is pointed out. Where the Constitution has clearly given the citizen the right, courts should indulge a reasonable liberality of construction in order to effectuate it. But we are spared the necessity of pursuing or deciding this question in the present case. The defendant county expressly admits that ordinarily its liability for damaging is the same as its liability for taking.

"Having thus found plaintiff's right in the Constitution and the county's liability in the statute, we see no reason for denying that, regardless of 1929 Comp. § 43-301, supra, [§ 22-9-22, N.M.S.A., 1953 Comp.] the ordinary civil action affords a remedy."

In Mesich v. Board of County Com'rs of McKinley County, 46 N.M. 412, 129 P.2d 974, we again discussed Art. II, § 20 of our constitution and §§ 43-301 and 64-313, 1929 Comp. We there quoted from the Summerford case and said:

"We now hold that counties are liable under said statute to damages for lands taken for highway purposes by them or with their acquiescence."

█ It appears to us that where private property has been damaged through the methods followed or adopted in the design, construction or maintenance of a public highway, it constitutes damage for a public use for which adequate compensation is guaranteed to the owner by Art. II, § 20, of our constitution, and for which the county is subject to suit under § 22-9-22, supra. Summerford v. Board of Com'rs of Dona Ana County, supra; Dougherty v. Vidal, 37 N.M. 256, 21 P. 2d 90; Mesich v. Board of County Com'rs of McKinley County, supra; 25 Am.Jur., Highways, §§ 93-94, pp. 396-397; 18 Am. Jur., Eminent Domain, §§ 129-130, pp. 753-754; Milhous v. State Highway Department, 194 S.C. 33, 8 S.E.2d 852, 128 A.L.R. 1186.

Appellees direct our attention to the trial court's findings of fact Nos. 7, 8, 9

and 10, and conclusion of law No. 3, as follows:

"7. That the damage, if any, sustained by plaintiffs herein was not proximately caused by defendants' acquisition of said easement.

"8. That the damage, if any, sustained by plaintiffs herein was not proximately caused by any acts of negligence on the part of defendants.

"9. That the design, construction and maintenance of the highway referred to in plaintiffs' Count One of plaintiffs' amended complaint was, by statute, expressly vested in and conferred upon the New Mexico State Highway Department and its duly authorized agents.

"10. The defendants had no control or supervision over the design, construction and maintenance of said highway; nor did defendants participate in such design, construction and maintenance of said highway.

"3. If plaintiffs have sustained any damage, as alleged, in plaintiffs' First Amended Complaint, Count Two, such damage was not proximately caused by defendants' acquisition of said new right-of-way and the defendants are therefore not legally responsible for said damage."

We do not know the basis for the trial court's findings of fact and conclusion of law unless it be the answers to interrogatories Nos. 17, 18 and 19 wherein appellant Lloyd W. Wheeler answered that he did not know by whom the highway was maintained, constructed or designed.

We have held that in resolving the question as to whether summary judgment should be granted, the trial court does not weigh the evidence nor do we; that the pleadings, affidavits, interrogatories and admissions, if any, must be viewed in the most favorable aspect they will bear in support of the rights of the party opposing the motion to a trial of the issues. Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138. And the party against whom a motion for summary judgment is directed is entitled to have all reasonable inferences construed in his favor. Hewitt-Robins, Inc. v. Lea County Sand and Gravel, Inc., 70 N.M. 144, 371 P.2d 795.

■ We would place too strict a construction upon Rule 56(c) (§ 21–1–1(56) (c), N.M.S.A., 1953 Comp.), if we sustained the summary judgment based upon Wheeler's answers to the interrogatories hereinbefore set out. So long as the inter-

rogatories and answers thereto do not constitute a demonstration of the invalidity of the plaintiff's claim, the mere inadequacy of the answers to the interrogatories to establish the claim has no persuasiveness in ruling on a motion for summary judgment, since there is no burden on the plaintiff to establish his case in a pretrial interrogatory or deposition. William Goldman Theatres, Inc. v. Twentieth-Century Fox Film Corporation, D.C.Pa., 151 F. Supp. 840. Upon the trial on the merits and after all of the evidence is presented, the trial court will then be in a better position to make such findings of fact as are warranted by the evidence and conclusions of law applicable thereto.

We hold that summary judgment under the state of the record as to count two should have been denied. The denial of a summary judgment means that there is a genuine issue of fact to be tried and not a decision on that issue.

The action of the trial court in granting summary judgment under count one is affirmed. As to count two, the cause is reversed and remanded to the trial court with direction to set aside the judgment entered and proceed in a manner not inconsistent with the views herein expressed.

It is so ordered.

CARMODY and MOISE, JJ., concur.