463 P.2d 513

Louie W. BURESH, Edith I. Buresh, Robert
Louis Buresh and Sharon Buresh,
Plaintiffs-Appellants,

v.

CITY OF LAS CRUCES, a municipal
corporation, Defendant-Appellee.

No. 8844.

Supreme Court of New Mexico.

Dec. 8, 1969.

Rehearing Denied Jan. 23, 1970.

Privette & Privette, Las Cruces, for plaintiffs-appellants.

George Richard Schmitt, Las Cruces, for defendant-appellee.

## OPINION

DEE C. BLYTHE, District Judge.

This case turns on questions of limitations of action, and we hold that the three-year limitation of § 23–1–23, N.M.S.A., 1953 Comp., must be applied to an "inverse condemnation" action against a municipality and to a purported written promise to pay growing out of the same matter.

This action was commenced in the District Court of Dona Ana County, New Mexico. Plaintiffs-appellants sought compensation for real property allegedly taken

by defendant-appellee, without any legal proceeding and without any compensation having been paid therefor. The trial court granted summary judgment · to appellee City of Las Cruces, and plaintiffs appealed.   ·

Appellants seek to recover from appellee the sum of $23,333 they claim to be the value of a strip of land seven feet wide and 225 feet long, allegedly taken by appellee City for a street right-of-way without compensation to the owners. The original complaint was based solely on a purported written promise to pay the reasonable value of the property taken. By amended complaint, another count was added for what is known as "inverse condemnation" under §§ 22–9–22 and 22–9–23, N.M.S.A., 1953 Comp.

Appellee moved to dismiss the complaint and for summary judgment for failure to state a claim upon which relief could be granted and for lack of jurisdiction of the parties and the subject matter of the action, invoking both Rules 12(b) and 56, Rules of Civil Procedure (§§ 21–1–1(12) (b) and 21–1–1(56), N.M.S.A., 1953 Comp.). It appears that no matters outside the pleadings were submitted to or considered by the trial court. The court granted the motion to dismiss and summary judgment. Plaintiffs appeal.

The original complaint was filed July 18, 1968, one day less than six years after the date of the alleged taking of the property and of the writing annexed as an exhibit to count II of the amended complaint.

■ Count I, for inverse condemnation, is timely if the ten-year limitation in § 22–9–23, supra, controls, but is barred if the three-year limitation provided by § 23–1–23, N.M.S.A., 1953 Comp., is applicable. Count II, on a purported written contract, is timely if the six-year limitation provided by § 23–1–3, N.M.S.A., 1953 Comp., for actions on written contracts generally, controls, but is too late if § 23–1–23, supra, applies. We hold that the three-year statute applies to both counts and that both are barred by this limitation of actions.

■ The rules of statutory construction applicable here include: (1) Repeals by implication are not favored unless necessary to give effect to obvious legislative intent; (2) the enactment of a new and comprehensive law covering the whole subject matter which is inconsistent with and repugnant to the prior law manifests legislative intent to repeal the earlier statute, or so much thereof as may be in conflict with the later one. Stokes v. New Mexico State Board of Education, 55 N.M. 213, 230 P.2d 243 (1951). The three-year statute, § 23–1–23, supra, was enacted as Laws 1941, Ch. 181, eighteen years after the 1923 inverse condemnation statute, §§ 22–9–22 and 22–9–23, supra.

Section 22–9–22, supra, prior to its amendment in 1965 to include the State of New Mexico or any agency or political subdivision thereof, authorized inverse condemnation only when "Any person, firm or corporation authorized by the Constitution or laws of this state to exercise the right of eminent domain" had taken or damaged private property without paying just compensation. As part of the same act, § 22–9–23, supra, was adopted. It reads:

"The defendant or defendants to any such action may plead adverse possession as defined by section 3365 [23–1–22] of the New Mexico Statutes Annotated, Codification of 1915, as a defense to said action, but no other statute of limitation shall be applicable or pleaded as a defense thereto."

It thus appears that insofar as inverse condemnation proceedings against the persons, firms and corporations authorized to be sued in § 22–9–22, supra, a ten-year period of limitations was provided. However, this did not apply to appropriations without the payment of compensation when the appropriation was made by a municipal corporation. See Summerford v. Board of Com'rs of Dona Ana County, 35 N.M. 374, 298 P. 410 (1931). We are not called on to decide, and do not consider, whether since the 1965 amendment, § 22–9–23, su-

pra, applies to all inverse condemnation actions.

Section 23–1–23, supra, is as follows:

"No suit, action or proceeding at law or equity, for the recovery of judgment upon, or the enforcement or collection of any sum of money claimed due from any city, town or village in this state, or from any officer as such of any such city, town or village in this state, arising out of or founded upon any ordinance, trust relation, or contract written or unwritten, or any appropriation of or conversion of any real or personal property, shall be commenced except within three [3] years next after the date of the act of omission or commission giving rise to the cause of action, suit or proceeding; * * *. All such suits, proceedings or actions not so commenced shall be forever barred, * * *."

Section 22–9–23, supra, deals with only one subject—inverse condemnation when brought against certain parties. Section 23–1–23, supra, on the other hand, provides a three-year statute of limitations available to municipalities under the circumstances specified therein. It is specifically made applicable to actions for "any appropriation of * * * real * * * property." Because § 22–9–23, supra, only covered actions brought pursuant to § 22–9–22, supra, and § 23–1–23, supra, covered such actions when municipalities were defendants, we hold the three-year limitation period of § 23–1–23, supra, controlling here. Stokes v. New Mexico State Board of Education, supra.

In holding as we do, we are cognizant of Jinkins v. City of Jal, 73 N.M. 173, 386 P. 2d 599 (1963), where we held that the ten-year prescriptive period applied, and not the three-year limitation of § 23–1–23, supra, or the general four-year limitation of § 23–1–4, N.M.S.A., 1953 Comp. While that case presented a fact situation in some ways comparable to that in the instant case, no question was presented as to any possible application of § 22–9–23, supra, nor was the decision based thereon.

Appellants further contend that a letter to one of the appellants from the office of the city manager of Las Cruces, dated July 19, 1962, constitutes a written promise to pay. The body of that letter states:

"The City Commission has discussed the situation of taking the right of way along Solano from you without proper acquisition. Further, it has been granted that payment therefor be made.

"The City Engineer is now in the process of drafting the proper deeds and descriptions. As soon as these are available, I will contact you again."

In their complaint, appellants translate this letter into an express "promise to pay plaintiffs the reasonable value of said property, to-wit * * * $23,333."

■ We do not reach the question of whether this constitutes an enforceable contract, for this claim also is barred by the statute of limitations in § 23–1–23, supra, which, as we have seen, bars actions against municipalities on contracts "written or unwritten" not commenced within three years after the cause of action accrues.

The six-year limitations statute sought to be applied to count II by appellants, § 23–1–3, supra, reads in part as follows:

"Those founded upon any bond, promissory note, bill of exchange or other contract in writing, or upon any judgment of any court not of record, within six [6] years."

Appellants have not asserted that there was any course of conduct by appellee which would toll the running of the applicable statutes of limitations.

■ By enacting a special statute of limitation for actions against municipalities, the legislature simply removed that segment from the prior statutes of limitations, leaving the remainder intact. Alvarez v. Board of Trustees of La Union Townsite, 62 N.M. 319, 309 P.2d 989 (1957).

■ Appellants argue that by amending § 22–9–22, supra (Laws 1965, Ch. 305, § 1),

the legislature, in effect, reaffirmed or reenacted § 22–9–23, supra, since the latter was part of the original act and the legislature must have had it in mind when amending and reenacting § 22–9–22, supra. No authority is cited for this argument and we know of none. The 1965 amendment to § 22–9–22, supra, in no way referred to the limitations of § 22–9–23, supra.

The order of dismissal is affirmed.

It is so ordered.

TACKETT and WATSON, JJ., concur.