512 P.2d 947

**C & H CONSTRUCTION & PAVING, INC.,**
Third-Party Plaintiff-Appellant,

**v.**

**FOUNDATION RESERVE INSURANCE
CO.,** Third-Party Defendant-Appellee.

**C & H CONSTRUCTION & PAVING, INC.,**
Cross-Claimant-Appellant,

**v.**

Fermin **MEDINA,** Cross-Defendant-Appellee.
**No. 9578.**

Supreme Court of New Mexico.

July 27, 1973.

Toulouse & Moore, Larry D. Beall, Albuquerque, for appellant.

Ussery, Burciaga & Parrish, Albuquerque, for appellee.

OPINION

MONTOYA, Justice.

Plaintiff Albuquerque Auto Sales, Inc. brought an action in the district court

against defendants, Fermin Medina and C & H Construction & Paving, Inc., for damages allegedly suffered in an automobile collision. Defendant Medina answered, denying all but the jurisdictional allegations of the complaint. Defendant C & H Construction & Paving, Inc. answered, denying all of the allegations of the complaint and asserting the affirmative defense of contributory negligence. C & H Construction & Paving, Inc. thereafter filed an amended-third-party complaint against Foundation Reserve Insurance Company, Inc. seeking payment of attorney's fees incurred in defending the action and judgment over for any sum which might be awarded plaintiff. This amended-third-party complaint was based on the premise that Foundation Reserve Insurance Company, Inc. had issued to C & H Construction & Paving, Inc. a certificate of insurance, certifying that it had issued a liability policy of insurance to Fermin Medina, who had entered into a contract with C & H Construction & Paving, Inc., and containing a statement that it would notify C & H Construction & Paving, Inc. of any change or cancellation of said policy.

Subsequently, Foundation Reserve Insurance Company, hereinafter referred to as "appellee," moved to dismiss the amended-third-party complaint of C & H Construction & Paving, Inc., hereinafter referred to as "appellant," for failure to state a claim upon which relief could be granted. The trial court granted appellee's motion and this appeal ensued.

Appellee's motion to dismiss was based on Rule 12(b)(6), Rules of Civil Procedure [§ 21–1–1(12)(b)(6), N.M.S.A., 1953 Comp., Repl. Vol. 4, 1970], which provides, among other things, that it may be based upon "failure to state a claim upon which relief can be granted."

■ The alleged facts of this case, which for the purpose of the motion to dismiss are admitted, indicate that appellant entered into a contract with Fermin Medina and that, as a result of that contract, third-party defendant (appellee) issued its certificate that an insurance policy was in force allegedly protecting third-party plaintiff (appellant) from any acts of negligence attributable to the operation of a motor vehicle by Medina. In addition to notifying appellant of the required coverage, the certificate stated in pertinent part:

"In the event of any material change in or cancelation of said policies the company designated below will notify the party to whom this certificate is issued of such change or cancelation."

This certificate was issued May 22, 1970. On December 6, 1970, Fermin Medina's insurance was cancelled. Notice of such cancellation was mailed by appellee to Medina on November 25, 1970, but appellee failed and neglected to notify third-party plaintiff and appellant herein. Appellant alleges, in his amended-third-party complaint that it relied upon the certificate of insurance coverage to its detriment and that, therefore, appellant is estopped to deny coverage and to deny the obligation owed to defend the law suit.

The issue, as presented, is whether the trial court erred in granting the motion to dismiss the first amended complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), supra. The motion to dismiss, which was considered by the court, had attached to it an affidavit of the vice president of third-party defendant, as well as instruments entitled "Copy of Notice of Cancellation to Mortgagee" and another form entitled "Post Office Department Form No. 3817," which is the third-party defendant's copy of notice of cancellation to the insured. Having attached such documents to its motion, and apparently argued before the trial court on that basis, the motion then is to be treated as a motion for summary judgment under the terms of Rule 12(b)(6), supra, which reads as follows:

"* * *. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to

and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

However, the matter was submitted to the trial court and to this court on the basis of Rule 12(b)(6), supra, and we will dispose of it on that basis and will not treat it as a motion for summary judgment, since appellant did not object and makes no claim of prejudice or that the rule was inapplicable. We are persuaded to pursue this approach, since the parties do not question the procedure, and in view of the provisions of Rule 43(e), Rules of Civil Procedure [§ 21–1–1(43)(e), N.M.S.A., 1953 Comp., Repl. Vol. 4, 1970], which permits the court to hear motions on affidavits presented by the parties.

■ Accordingly, we apply the test applicable to Rule 12(b)(6), supra. The general rule is stated in Jones v. International Union of Operating Engineers, 72 N.M. 322, 325, 383 P.2d 571, 573 (1963):

"* * *. In considering whether a complaint states a cause of action, we, of course, accept as true all facts well pleaded. Jernigan v. New Amsterdam Casualty Co., 69 N.M. 336, 367 P.2d 519. *A motion to dismiss under Rule 12(b)(6) is properly granted only when it appears that plaintiff cannot recover or be entitled to relief under any state of facts provable under the claim.* [Citations omitted.]" (Emphasis added.)

See also Pattison v. Ford, 82 N.M. 605, 485 P.2d 361 (Ct.App.1971).

■ In discussing the rule in question, 2A Moore's Federal Practice, 2d Ed. 1972, § 12.08 at 2265, states as follows:

"The motion to dismiss under Rule 12(b)(6) performs substantially the same function as the old common law general demurrer. A motion to dismiss is the usual and proper method of testing the legal sufficiency of the complaint. For purposes of the motion, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted. 'A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, * * *.'"

■ Under the pleaded facts, an insurance policy had been issued by appellee to Medina and a certificate furnished appellant regarding the issuance of such policy. Before the accident in question, as shown by the record before us, the insurance policy herein had been cancelled and notice of cancellation had been mailed to the insured, but not to appellant.

The question then arises—what is the effect of the failure of appellee to notify appellant of the cancellation of the insurance policy? This presents a question of fact, as well as one of law, which should be decided at the trial level. In passing upon the allegations of the amended-third-party complaint, it would appear to present at least a possibility of liability on the theory of a third-party-beneficiary contract, or under the doctrine of equitable estoppel, and lastly, on the doctrine of detrimental reliance upon an alleged contract claimed to have resulted from representations contained in the certificate.

Pabellon v. Grace Line, 191 F.2d 169 (2d Cir. 1951), involved a seaman working on the defendant's vessel, who was mixing cleansers and detergents which allegedly caused the explosion which injured the seaman. Defendant shipowner brought in the suppliers of the cleansers and detergents and their manufacturers and the United States Court of Appeals, in passing upon the dismissal of the third-party complaints, at 171, said:

"In thus dismissing the complaints over on the face of the pleadings, we think the court has committed the not unusual error of attempting to make haste too rapidly by dispensing with a

trial in advance of knowledge of what might develop there. Viewed as a pleading under the liberal Federal Rules, 28 U.S.C.A., the amended third-party complaint now before us seems to us fully adequate. Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451; Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775. Indeed, it sets forth quite fully and frankly the situation in which the Grace Line finds itself by reason of the claim made against it by the plaintiff and its view that if it is to be held liable it has a proper claim for indemnity or at least contribution from those who put in its hands these instrumentalities which eventually proved dangerous in combination. Had it said more, it would have had to make allegations by guess; had it said less, we might have ·found no ground whatsoever for recovery. But as it stands we cannot say that there is no legal basis in any event for a claim of liability. Hence dismissal of the third-party complaint at this early stage of the case was not justified.

"Upon the allegations before us, there would appear to be at least a possibility of liability against the suppliers for breach of warranty and against all of the defendants for negligence as alleged. * * *"

Again, in passing upon the sufficiency of the fourth-party complaint filed in the same case, the same court, in ruling on that issue, stated as follows at 173:

"The district court also dismissed the fourth-party complaint of the supplier Rudman & Scofield against its supplier and manufacturer. These defendants contend that in any event this complaint does not allege negligence or breach of warranty against them and is not justifiable in law. While the claims are obviously still more remote we think there is no basis at this time in holding them legally impossible. From the standpoint of pleading, the fourth-party plaintiff has stated its allegations alternatively and contingently on the basis that if it is

held responsible over to the Grace Line then such liability is entirely upon the fourth-party defendants. True, before recovery this plaintiff must show either breach of warranty or negligence of a foreseeable nature. Nevertheless alternative or hypothetical pleadings are permissible, Fed.Rules Civ.Proc. rule 8(e)(2), 28 U.S.C.A.; and we read this complaint to make the required allegations, albeit hypothetically. In case of any real lack of clarity the district court has of course power to order an amendment."

In accordance with the foregoing authority, we hold that the trial court erred in dismissing the amended-third-party complaint.

Appellee primarily relies on Rhodes v. Lucero, 79 N.M. 403, 444 P.2d 588 (1968), in arguing that the trial court's dismissal of the action is correct. We believe that Rhodes v. Lucero, supra, is distinguishable on the facts, since it involved an action for declaratory judgment by plaintiff Rhodes and his insurer who had paid for damages suffered in an accident, less the deductible, seeking a declaration that defendant Lucero was an insured person under the terms and conditions of the policy of insurance issued to Lucero and in force at the time of the accident. By coincidence, the third-party defendant herein was also one of the defendants in the Lucero case, supra. However, in the instant case, appellant does not, as we understand the pleadings, make a claim upon the policy itself, but on actions of the appellee which were relied upon to the detriment of appellant, upon estoppel, and upon the theory of an alleged third-party-beneficiary contract.

We are not to be understood, in arriving at this decision, as departing from the general rule that an insurance company cannot be joined as a party-defendant in a suit on a liability policy, absent statutory or ordinance provisions, or unless the insurance policy itself confers that right upon the injured person. Compare Breeden v. Wilson, 58 N.M. 517, 273 P.2d 376 (1954).

The judgment of the trial court will be reversed and the cause remanded to the trial court with directions to reinstate the amended-third-party complaint, and for further proceedings consistent with the views expressed in this opinion.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.