601 P.2d 80

**Ellen McCLURE, Plaintiff-Appellant,**

v.

**TOWN OF MESILLA, Willis E. Umholtz, Jose Luis Yguado d/b/a Yguado Association, and Burn Construction Company, Inc., Defendants-Appellees.**

No. 3852.

Court of Appeals of New Mexico.

Sept. 11, 1979.

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

James R. Crouch, Larry Ramirez, Crouch, Parr & Valentine, P. C., Las Cruces, for defendants-appellees.

OPINION

SUTIN, Judge.

In a one count complaint plaintiff sued the Town of Mesilla, a New Mexico Corporation and others, for the negligent installation of a length of underground drainpipe that ended abruptly under an intersection. As a result of several rains, water emptied in the soil under the intersection and the plaintiff's nearby premises. As a proximate result of defendants' negligence,

448

plaintiff's premises were damaged. Plaintiff also alleged that notice was given the Town as provided in § 41–4–16, N.M.S.A. 1978 of the Tort Claims Act.

The Town filed a motion to dismiss for failure to state a cause of action. The motion was sustained and plaintiff's complaint dismissed with prejudice. Plaintiff appeals. We affirm, but we reverse for plaintiff the right to file a claim for "inverse condemnation."

On appeal, plaintiff changed her position. In a skimpy two-page brief, plaintiff claims (1) that the facts pleaded state a claim for inverse condemnation under Article II, Section 20 of the New Mexico Constitution and § 42–1–23, N.M.S.A.1978, and (2) that the Tort Claims Act waives immunity for damages caused by negligence in the operation of a liquid waste disposal system, and this includes storm drains.

Plaintiff may have a valid claim for damages by way of inverse condemnation, but plaintiff's complaint does not state such a claim. It is an afterthought raised for the first time on appeal. Inverse condemnation is not a common law tort based upon the negligence of the Town. It is a statutory remedy under § 42–1–23. Under this section, a municipality, authorized by the Constitution and laws of the State to exercise the right of eminent domain, is liable to the owner whose private property is taken or damaged for public use without making just compensation.

A municipality has the power and right of condemnation of private property for public use for the purpose of constructing, maintaining and operating storm drains. Section 3–18–10(A)(2), N.M.S.A.1978.

 The Constitution gives to a person, whose property is damaged for public use, the right to compensation, and § 42–1–23 clearly indicates that it was intended to confer the remedy by inverse condemnation in a situation such as here presented. *Garver v. Public Service Company of New Mexico,* 77 N.M. 262, 421 P.2d 788 (1966). A municipality was included as a party in inverse condemnation when § 42–1–23 was

amended in 1965. Laws 1965, ch. 305, § 1. Even prior thereto, where a county admitted it was subject to liability, the constitutional right to compensation for damaging private property could be enforced against the party liable therefore. *Summerford v. Board,* 35 N.M. 374, 298 P. 410 (1931); *Wheeler v. Board of County Com'rs of San Juan County,* 74 N.M. 165, 391 P.2d 664 (1964).

 A motion to dismiss is properly granted when it appears that plaintiff cannot recover under any state of facts provable under the claim. *C & H Constr. & Pav., Inc. v. Foundation Reserve Ins. Co.,* 85 N.M. 374, 512 P.2d 947 (1973). As a result, the appeal must be affirmed. However, this rule does not disallow the plaintiff the right to file an independent claim for relief based upon a different theory of recovery such as that of "inverse condemnation." The three-year limitation set forth in § 37–1–24, N.M. S.A.1978 applies to an "inverse condemnation" action against a municipality. *Buresh v. City of Las Cruces,* 81 N.M. 89, 463 P.2d 513 (1969). The limitation period has not run on plaintiff's claim.

The Town claims that the Tort Claims Act constitutes plaintiff's exclusive remedy. We disagree. Liability for acts or omissions of the Tort Claims Act are based upon the traditional tort concepts of duty and the reasonably prudent person's standard of care in the performance of that duty. Section 41–4–2(B). It is under this tort concept that a governmental entity is granted immunity except as provided in the Act. Section 41–4–4(A). As shown above, inverse condemnation is not a common law tort action, and the Tort Claims Act is not an exclusive remedy.

Plaintiff also claims that her complaint states a claim for relief under the Tort Claims Act because § 41–4–8(A) grants immunity for property damages resulting from "liquid waste collection or disposal," and that § 41–4–8(B)(2), which defeats plaintiff's position, is unconstitutional. This inane contention merits no response.

Occasions do arise where justice demands that appellate courts as well as district

courts should seek to protect the rights of litigants who have been led down the one way street in the wrong direction.

We affirm the judgment of dismissal of plaintiff's claim against the Town of Mesilla. However, plaintiff is allowed to file an amended complaint, if she desires, to state a claim for relief against the Town of Mesilla for inverse condemnation in one count, and a tort claim against other defendants in a second count. In the alternative, plaintiff may file an independent claim for inverse condemnation against the Town of Mesilla.

IT IS SO ORDERED.

ANDREWS, J., specially concurs.

HERNANDEZ, J., dissents.

ANDREWS, Judge (specially concurring).

Although I concur with the result, only two issues warrant discussion in this opinion. The first, whether inverse condemnation is an appropriate remedy, is aptly discussed and decided in *Wheeler v. Board of County Comr's of San Juan County,* 74 N.M. 165, 391 P.2d 664 (1964) and *Garver v. Public Service Company of New Mexico,* 77 N.M. 262, 421 P.2d 788 (1966). The second, whether and in what manner, plaintiff can amend her complaint or file a new action is discussed and decided in *Malone v. Swift Fresh Meats Co.,* 91 N.M. 359, 574 P.2d 283 (1978), where the Supreme Court held that "[a] new cause of action may be alleged in an amended complaint, provided it is founded on facts not wholly foreign to the facts originally pleaded." 91 N.M. 359, at 362, 574 P.2d 283, at 286.

The opinion need say little else.

HERNANDEZ, Judge (dissenting).

I respectfully dissent. In my opinion the trial court erred in granting the defendant's (Town of Mesilla) motion to dismiss for failure to state a cause of action.

The pertinent parts of the plaintiff's complaint are the following:

"5. During the summer of 1977, the defendant, Town of Mesilla, through its agents, servants and employees did ex-tensive work on the Mesilla Plaza. In connection with that work, the defendant installed a surface water drainage system and underground drains to move the water away from the plaza.

. . . . .

8. The plaintiff owns premises at the northeast corner of Calle Principal and Calle Guadalupe, improved with an adobe residence.

9. The defendants' negligently install-ed a length of underground drain pipe, ending abruptly under the intersection of Calle Principal and Calle Guadalupe.

10. The drainage system became oper-ative in several rains that hit the area and water emptied in the soil under Calle Principal, Calle Guadalupe and the plain-tiff's premises.

11. Soils in the Mesilla area are mix-tures of clay and sand and an excess of water drastically changes soil characteris-tics and the soil bearing capacity.

12. As a proximate result of the de-fendants' negligence as aforesaid, the soil on plaintiff's premises has acquired an excess of water, the soil has changed, the residence premises are being destroyed and rendered uninhabitable, all to her damage in the amount of $120,000.

13. The defendants knew, or should have known, that abruptly ending the underground drainage as aforesaid would cause excess water to enter the soil and change soil characteristics, and they per-mitted the drainage line to abruptly end where it does, with full awareness of the damage that would be done to the plain-tiff's premises.

. . . . .

16. The occurrence described above was latent from the time of the installa-tion in the summer of 1977, the several rains that occurred in 1977 until plaintiff learned on February 8, 1978, from an engineer that there was proximate rela-tionship between those acts and events and the property damage sustained by the plaintiff. The Town of Mesilla had actual notice of the occurrence and also

was given written notice of the time, place and circumstances of the loss and injury to the plaintiff by means of the complaint filed herein and served on the Town Clerk of Mesilla on the 2nd day of March, 1978, which complaint was presented to the Mayor of the Town of Mesilla, fully in accord with Section 5–14–14.1, NMSA [sic]."

"A motion to dismiss a complaint is properly granted only when it appears that under no state of facts provable under the claim could plaintiff recover or be entitled to relief." *Gonzales v. Gackle Drilling Company,* 70 N.M. 131, 371 P.2d 605 (1962).

"In considering whether a complaint states a claim upon which relief can be granted we assume as true all facts well pleaded." *Hall v. Budagher,* 76 N.M. 591, 417 P.2d 71 (1966).

It is my opinion that the plaintiff, under the allegations of her complaint, could possibly prove facts which would allow recovery under the theory of inverse condemnation.

Article II, § 20 of the Constitution of New Mexico provides: "Private property shall not be taken or *damaged* for public use without just compensation." [Emphasis added.] The codification of this section is Section 42–1–23, N.M.S.A.1978:

"Notwithstanding the provisions of the Relocation Assistance Act [42–3–1 to 42–3–15 NMSA 1978], the state of New Mexico or any agency or political subdivision thereof, including the state highway commission and any person, firm or corporation authorized by the constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, for the value thereof or the damage thereto, at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the Rules of Civil Procedure for the District Courts of this state. Actions under this section shall be brought in the county where the land or any portion thereof is located."

" 'Inverse condemnation' is the name generally ascribed to the remedy which a property owner is permitted to prosecute to obtain the just compensation which the Constitution assures him when his property, without prior payment therefor, has been taken or damaged for public use." *Sheffet v. County of Los Angeles,* 3 Cal. App.3d 720, 84 Cal.Rptr. 11 (Cal.App. 1970).

See *Garver v. Public Service Company of New Mexico,* 77 N.M. 262, 421 P.2d 788 (1966) and *Kaiser Steel Corporation v. W. S. Ranch Company,* 81 N.M. 414, 467 P.2d 986 (1970).

I would reverse the order of the trial court and remand with instructions to vacate it and proceed with the trial of this matter.